OPINION
Defendant-appellant, Roger Ramsey, appeals his sentencing and his classification as a sexual predator. Ramsey sets forth seven assignments of error.
On October 23, 1996, the Clermont County Grand Jury returned a ten count indictment against Ramsey. The first seven counts charged Ramsey with sexual battery under R.C. 2907.03(A)(7). The last three counts charged him with tampering with records belonging to a government agency in violation of R.C.2913.42(A)(1). On January 27, 1997, Ramsey entered a written plea bargain and pled guilty to one count of sexual battery and three counts of tampering with government records. The trial court conducted a sentencing hearing on February 13, 1997. On the same date, the trial court also held a sexual predator classification hearing. The trial court sentenced Ramsey to a five year prison term for sexual battery, and a one year term for each of the three tampering with records charges, each sentence to run consecutively. The trial court also adjudicated Ramsey a sexual predator.
This court will address Ramsey's assignments of error out of order. Under Ramsey's second assignment of error, he complains that his adjudication as a sexual predator under R.C. Chapter 2950 (the "sexual predator law") violates the Ex Post Facto Clause of the United States Constitution, and Article II, Section28, of the Ohio Constitution. Under his seventh assignment of error, Ramsey reiterates his complaint that the sexual predator law and attendant registration, verification, and notification requirements are retroactive laws in violation of the Ohio Constitution. The sexual predator classification law became effective after Ramsey's indictment but prior to the date he was sentenced.
In State v. Lyttle (Dec. 22, 1997), Butler App. No. CA97-03-060, unreported, this court upheld the constitutionality of R.C. Chapter 2950 under similar circumstances. This court concluded that the sexual predator law is not punitive, and therefore did not violate the Ex Post Facto Clause. Id. at 22. This court also held that the various provisions in the law were remedial, not substantive, and therefore did not violate the Ohio constitutional prohibition against retroactive legislation. Id. at 26. In light of this court's decision in Lyttle, Ramsey's second and seventh assignments of error are overruled.
Under Ramsey's first assignment of error, he argues that his adjudication as a sexual predator under R.C. 2950.09 violates R.C. 1.58(A)(4). Ramsey suggests that R.C. 1.58(A)(4) prevents an amended statute from being applied retroactively unless the penalty for any forfeiture or punishment is reduced by the amendment.[1] He argues that the sexual predator law amends the penalty provisions of all existing statutes involving sex offenses, and cannot therefore be applied retroactively. As this court has noted, however, the sexual predator law does not impose punishment. This court, therefore, rejects Ramsey's argument that his adjudication as a sexual predator violates R.C. 1.58(A)(4). Ramsey's first assignment of error is overruled.
Under his fourth assignment of error, Ramsey complains that he was denied effective assistance of counsel during the sexual predator classification hearing. Under his fifth assignment of error, Ramsey complains that the trial court failed to provide notice of that hearing as required.
With regard to notification under the sexual predator law, R.C. 2950.09(B) provides in part:
 The court shall give the offender and the prosecutor who prosecuted the offender for the sexually oriented offense notice of the date, time, and location of the hearing. At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator.
(Emphasis added.)
In State v. McCane (Dec. 1, 1997), Clermont App. No. CA97-03-023, unreported, this court rejected the state's argument that notice of a sentencing hearing was sufficient notice of the sexual predator classification hearing required under R.C.2950.09. This court remanded the cause for a new sexual predator hearing. Id. at 6.
After reviewing the record, it is apparent that the trial court failed to notify Ramsey that it intended to hold a sexual predator classification hearing. The cause must be remanded for a new classification hearing. Ramsey's fifth assignment of error is sustained. Since the trial court must hold a new sexual predator classification hearing, Ramsey's claim of ineffective assistance of counsel at the first hearing is moot, and this court will not address the fourth assignment of error.
Under his third assignment of error, Ramsey asserts that R.C.2950.09(C) is unconstitutionally vague. He argues that the statute does not provide adequate guidance about how the sexual predator determination is to be made. Ramsey specifically complains that the sexual predator law is silent as to the weight that the trial court is to give to any specific factor, and that the law is silent as to who bears the burden of proof as to the sexual predator classification.
All statutes enjoy a strong presumption of constitutionality, and the party asserting that a statute is unconstitutional must prove that assertion beyond a reasonable doubt. State v. Collier (1991), 62 Ohio St.3d 267, 269. A statute is void for vagueness if it fails to give people of ordinary intelligence adequate notice of the conduct it proscribes, or if it invites arbitrary and erratic enforcement. Cincinnati v. Thompson (1994), 96 Ohio App.3d 7,24, citing Papachristou v. Jacksonville (1972),405 U.S. 156, 162, 92 S.Ct. 839, 843. However, a statute may only be challenged as facially vague if it reaches a "substantial amount" of protected conduct. See Kolender v. Lawson (1983),461 U.S. 352, 359, 103 S.Ct. 1855, 1859, fn. 8. The void-for-vagueness doctrine does not require that legislation contain every detail necessary for enforcement; instead, it allows for application of commonly accepted tools of judicial construction. Perez v. Cleveland (1997), 78 Ohio St.3d 376, 378-79.
Ramsey has not alleged that R.C. Chapter 2950 is subject to invalidation for facial vagueness by reaching a "substantial amount of protected conduct." See Kolender at 359,103 S.Ct. 1855, 1859, fn. 8. Moreover, Ramsey has made no attempt to demonstrate that the law is vague as applied in his case. This court concludes, therefore, that Ramsey has not met his burden of demonstrating that the sexual predator law is unconstitutionally vague. Ramsey's third assignment of error is overruled.
Under his sixth assignment of error, Ramsey complains that the trial court erred in sentencing him to consecutive prison terms based upon its conclusion that he is likely to commit some crime in the future. Ramsey claims that various sentencing provisions requiring consideration of a defendant's likelihood of recidivism violate his right to due process. See R.C. 2929.11(A), R.C.2929.12(D), R.C. 2929.14(C), and R.C. 2929.14(E).[2]
This court, however, rejected a similar argument in State v. Rose, (Sept. 15, 1997), Clermont App. No. CA96-11-106, unreported. This court noted that predictions of future of misconduct are "performed countless times each day throughout the American system of criminal justice." Id. at 7, citing Jurek v. Texas (1976),428 U.S. 262, 274-75, 96 S.Ct. 2950, 2957-58.
This court rejects Ramsey's argument that his sentencing violated principals of due process. Ramsey's sixth assignment of error is overruled.
Judgment affirmed in part, reversed in part, and remanded.
KOEHLER and POWELL, JJ., concur.
[1] R.C. 1.58(A)(4) provides in part that the reenactment, amendment, or repeal of a statute does not "affect any investigation, proceeding, or remedy in respect of any such privilege, obligation, liability, penalty, forfeiture, or punishment; and the investigation, proceedings, or remedy may be instituted, continued, or enforced, and the penalty, forfeiture, or punishment imposed, as if the statute had not been repealed or amended." R.C. 1.58(B) provides that "[i]f the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."
[2] The framework for the imposition of consecutive sentences is outlined in R.C. 2929.14(E)(3). That provision provides in part:
 If multiple prison terms are imposed upon an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds * * * (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.