The State of Ohio appeals from a judgment of the Montgomery County Court of Common Pleas, which ruled R.C. 2950.11, the notification provisions of Ohio's amended sexual predator law, unconstitutional as applied to Thomas Joseph Fortman because the acts forming the basis of his convictions for sexual imposition and illegally using a minor for nudity-oriented material or performance had occurred prior to the enactment and effective dates of the statute.
The procedural history of the case is as follows.
On January 27, 1997, Fortman was indicted on four counts of corrupting a minor in violation of R.C. 2907.04(A) (counts one through four), five counts of illegally using a minor in nudity-oriented material or performance in violation of R.C.2907.323(A)(1) (counts five through nine), six counts of sexual imposition of a minor in violation of R.C. 2907.06(A)(4) (counts ten through fifteen), and one count of attempting to use a minor in nudity-oriented material or performance in violation of R.C.2923.02(A) (count sixteen). On February 5, 1997, Fortman stood mute after the reading of the indictment, and the trial court entered a plea of not guilty on his behalf.
On February 28, 1997, Fortman entered pleas of guilty to seven counts of sexual imposition, one being a lesser-included offense of corrupting a minor, and five counts of illegally using a minor in nudity-oriented material or performance. In exchange for Fortman's guilty pleas, the state agreed not to prosecute counts two through four and sixteen. It was stipulated that the offenses would treated as occurring prior to July 1, 1996, the enactment date of Ohio's amended sexual predator law, set forth in Chapter 2950 of the Revised Code.
On April 10, 1997, pursuant to R.C. 2950.09(B), the trial court conducted a hearing to determine whether to classify Fortman as a sexual predator. Fortman made an oral motion challenging the constitutionality of R.C. 2950.01(D) as ex post facto legislation when applied to "prior-to-S.B. 2 cases." He also challenged the law as void for vagueness. Finally, he argued that "the notification and registration requirements are overly punitive in that they constitute double and additional punishment for the same offense." In its April 30, 1997 decision, the trial court ruled that the registration provisions were constitutional as applied to Fortman, but that the notification provisions were "retroactive and punitive" and therefore could not be constitutionally applied to him. Although the trial court classified Fortman as a sexual predator, ordered him to register as such, and ordered him to update his registration every ninety days, it exempted him from the notification requirements.
On that same day, pursuant to R.C. 2907.06 and R.C. 2907.323, the trial court sentenced Fortman to a sixty-day term of imprisonment for count one; a four to fifteen-year term for each of counts five, six, and nine, to be served concurrent with each other; a four-year term for counts seven and eight, to be served concurrently but consecutive to counts five, six, and nine; and a sixty-day term for each of counts ten through fifteen, to be served consecutive to each other but concurrent with counts one and five through nine. The trial court further ordered the four-year definite sentence for counts seven and eight to be served prior to the indefinite four to fifteen-year sentence.
The state raises one assignment of error on appeal.
 THE TRIAL COURT ERRED IN FINDING THE NOTIFICATION REQUIREMENTS OF R.C. 2950.11 TO BE UNCONSTITUTIONAL.
The state contends that the notification requirements of Ohio's sexual predator law violate neither the ex post facto
clause of the United States Constitution nor the retroactivity clause of the Ohio Constitution.
R.C. 2950.11(A) requires the sheriff with whom a sexual predator has most recently registered to give written notice, consisting of the information set forth in subdivision (B), to a list of persons located within the "specified geographical area" as defined by the attorney general.[1] The notification provisions apply regardless of when the sexually oriented offense occurred. See R.C. 2950.01(G)(3); R.C. 2950.04(A); R.C.2950.09(B), (C); State v. Lyttle (Dec. 22, 1997), Butler App. No. CA97-03-060, unreported.
Section 10, Article I of the United States Constitution prohibits the states from passing "any ex post facto Law." "The Constitution forbids the application of any new punitive measure to a crime already consummated, to the detriment or material disadvantage of the wrongdoer." Lindsey v. Washington (1937),301 U.S. 397, 401. In California Dept. Of Corrections v. Morales
(1995), 115 S.Ct. 1597, 1602, fn. 3, the Court stated:
 [T]he focus of the ex post facto inquiry is not on whether a legislative change produces some ambiguous sort of "disadvantage," * * * but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable.
To determine whether a statute is punitive within the meaning of the ex post facto clause, the Supreme Court has applied a two-prong test:
 We must initially ascertain whether the legislature meant the statute to establish "civil" proceedings. If so, we ordinarily defer to the legislature's stated intent. * * *
 [W]e will reject the legislature's manifest intent only where a party challenging the statute provides "the clearest proof" that "the statutory scheme [is] so punitive either in purpose or effect as to negate [the State's] intention" to deem it "civil."
Kansas v. Hendricks (1997), 117 S.Ct. 2072, 2081-2082, citingUnited States v. Ward (1980), 448 US. 242, 248-249. See, also,Hudson v. United States (1997), 118 S.Ct. 488, 493; U.S. v.Ursery (1996), 116 S.Ct. 2135, 2142 (both applying the two-prong test to determine whether a statute imposed punishment within the meaning of the double jeopardy clause).
In Hendricks, the Court concluded that the civil commitment of people with mental abnormalities or personality disorders who were considered likely to engage in "predatory acts of sexual violence" was not punitive within the meaning of the ex post facto
clause. Hendricks, 116 S.Ct. at 2085. The Court found that the Kansas legislature had intended to create civil rather than criminal proceedings and that the stated purpose or effect of the statute did not negate the legislature's nonpunitive intent. Id.
at 2082. Regarding the second inquiry, the Hendricks court stated that the civil commitment statute did not "implicate either of the two primary objectives of criminal punishment: retribution or deterrence." Id. at 2082. Because neither past criminal conduct nor scienter were required for a person to be committed, the Court found no retributive purpose. Furthermore, the statute's purpose was not deterrence, as shown by the facts that mentally infirm people were not likely be deterred by the threat of confinement and that the conditions of confinement were less restrictive than those placed on prisoners. Id. at 2082-2083.
Three federal circuit courts have recently applied this test and determined that four states' sexual predator notification provisions were not punitive within the meaning of the ex postfacto clause. Roe v. Office of Adult Probation (C.A.2, 1997),125 F.3d 47 (Connecticut); E.B. v. Verniero (C.A.3, 1997),119 F.3d 1077, certiorari denied, (U.S. Feb. 23, 1998) (New Jersey — the original "Megan's Law"); Russell v. Gregoire (C.A.9, 1997),124 F.3d 1079 (Washington); Doe v. Pataki (C.A.2, 1997),120 F.3d 1263, certiorari denied, 66 U.S.L.W. 3556 (U.S. Feb. 23, 1998) (No. 97-7023) (New York). In each case, the court concluded that the notification provisions were nonpunitive and thus, did not violate the ex post facto clause of the United States Constitution when applied to persons who had committed offenses prior to the statute's enactment date. Roe, 125 F.3d at 55; Verniero,119 F.3d at 1105; Russell, 124 F.3d at 1093; Pataki, 120 F.3d at 1284.
Ohio appellate courts, in applying the Supreme Court's two-prong test to Ohio's version of "Megan's Law," have consistently held that it does not violate the ex post facto
clause of the United States Constitution. See State v. Chappell
(Feb. 24, 1998), Franklin App. Nos. 97APA04-543 and 97APA05-636, unreported; State v. Lance (Feb. 13, 1998), Hamilton App. Nos. C-970301, C-970282, C-970283, unreported; State v. Kimble (Feb. 4, 1998), Lorain App. No. 97CA006730, unreported; Lyttle, supra;State v. Bartis (Dec. 9, 1997), Franklin App. No. 97APA05-600, unreported. Moreover, in State v. Bruns (Aug. 29, 1997), Montgomery C.P. No. 94-CR-2108, unreported, the Montgomery County Common Pleas Court reversed its prior decision that R.C. 2950.11
violated the ex post facto clause. To our awareness, no appellate court in Ohio has found that the law violated the ex post facto
clause.
We too will apply the two-prong test to determine whether R.C. 2950.11 inflicts punishment and thus violates the ex postfacto clause when applied to Fortman. First, R.C. 2950.02(B) states that the general assembly's purpose in enacting the registration and notification provisions was "to protect the safety and general welfare of the people of this state" and that the exchange or release of necessary and relevant information about sexual predators is not punitive. Because these statements reveal a nonpunitive legislative intent, the first prong of the test is satisfied. To negate this stated nonpunitive legislative intent, Fortman must come forward with "the clearest proof" that the actual purpose or effects of the notification provision are punitive. Ward, 448 U.S. at 249. The list of factors in Kennedyv. Mendoza-Martinez (1963), 372 U.S. 144, while not exhaustive or dispositive, provides guidance in making this determination.Hudson, 118 S.Ct. at 493; Pataki, 120 F.3d at 1275. The list includes the following seven factors:
 Whether the sanction involves an affirmative disability or restraint, whether it has historically been regarded as a punishment, whether it comes into play only on a finding of scienter, whether its operation will promote the traditional aims of punishment — retribution and deterrence, whether the behavior to which it applies is already a crime, whether an alternative purpose to which it may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned.
Mendoza-Martinez, 372 U.S. at 168-169.
These factors are useful in our analysis of whether R.C.2950.11 is punitive. First, R.C. 2950.11 does not impose an "affirmative restraint" as did the Kansas statute that the Supreme Court decided was nonpunitive. Hendricks, 117 S.Ct. at 2083. Thus, the "impact on the lives of the [sexual predators] pales in comparison to the commitment of sex offenders permitted under the Kansas statute." Lance, supra, citing Verniero, 119 F.3d at 1105. Second, we disagree with Fortman that community notification is analogous the historical punishments of public shaming, humiliation, and banishment. The Verniero court rejected this argument and stated:
 The "sting" of Megan's Law * * * results not from their being publicly displayed for ridicule and shaming but rather from the dissemination of accurate public record information about their past criminal activities and a risk assessment by responsible public agencies based on that information.
Id. at 1099.
The court further explained that notifying community members about a sexual predator was more closely analogous to "state warnings about threats to public safety," such as "wanted" posters and quarantine notices. Id. at 1100-1101. Although a sexual predator may face humiliation or public ostracism, such detriments do not render the statute punitive.Russell, 124 F.3d at 1092. Third, the absence of scienter as a requirement to trigger the application of R.C. 2950.11 indicates "that the statute is not intended to be retributive." SeeHendricks, 117 S.Ct. at 2082. Fourth, although the notification requirements may deter sexual predators from committing more sexually oriented offenses, deterrence "may serve civil as well as criminal goals." Ursery, 116 S.Ct. at 2149. Moreover, R.C.2950.11 does not serve the goal of retribution as it "does not affix culpability for prior criminal conduct." Hendricks,117 S.Ct. at 2082. Although R.C. 2950.11 applies only to persons convicted of sexually oriented offenses, merely being "tied to criminal activity" does not render the statute punitive. id. at 2149. The Ursery court found the sixth factor, whether the legislature had an alternative nonpunitive purpose for enacting the statute, to be the most significant. Ursery,116 S.Ct. at 2148. "Ohio's sexual predator law serves an important non-punitive goal: alerting the community to the presence of dangerous sexual offenders adjudged likely to offend again." Lyttle, supra. Finally, R.C. 2950.11 does not appear excessive in light of this goal because the notification provisions are a part of the statute's "measured response to the problem of recidivism."Lance, supra.
These factors lead us to conclude that Fortman has not provided the "clearest proof" that the legislature's stated nonpunitive intent has been negated by the statute's actual purpose or effects. Thus, the notification requirements do not constitute punishment within the meaning of the ex post facto
clause.
Fortman also contends that applying the notification provision to him would violate the retroactivity clause of the Ohio Constitution.
Section 28, Article II of the Ohio Constitution provides that the "general assembly shall have no power to pass retroactive laws." A retroactive or retrospective statute is one that "takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past." Cincinnati v. Seasongood (1889), 46 Ohio St. 296, 303. It has been held that a distinction exists between retroactive laws and ex post facto laws:
 [E]x post facto laws include statutes which increase the punishment of a prior criminal act, whereas retroactive laws include statutes which "* * * [attach] a new disability in respect to past transactions." Retroactive laws are therefore a larger category than ex post facto laws, and comprise statutes imposing "disabilities" as well as those imposing "punishments." (Citation omitted).
 State ex rel. Corrigan v. Barnes (1982), 3 Ohio App.3d 40, 44.
The retroactivity clause applies only to a statute that is substantive, i.e., one that "impairs or takes away vested rights, affects an accrued substantive right, [or] imposes new or additional burdens, duties, obligations or liabilities as to a past transaction." Van Fossen v. Babcock Wilcox Co. (1988),36 Ohio St.3d 100, 106-107 (citations omitted). The retroactivity clause does not apply to a "statute purely remedial in its operation on pre-existing rights, obligations, duties and interests." Id. at 107, quoting Rairden v. Holden (1864), 15 Ohio St. 207, paragraph two of the syllabus. The Van Fossen court further explained:
 Remedial laws are those affecting only the remedy provided. These include laws which merely substitute a new or more appropriate remedy for the enforcement of an existing right. While we recognize the occasional substantive effect, it is yet generally true that laws which relate to procedures are ordinarily remedial in nature, including rules of practice, courses of procedure and methods of review, but not the rights themselves. (Citations and footnotes omitted).
Id. at 107-108. In State ex rel. Matz v. Brown (1988), 37 Ohio St.3d 279,280-281, the Ohio Supreme Court concluded that R.C.2743.60(E), which prohibited a crime victim from recovering compensation if he had been convicted of a felony within ten years of the injurious criminal conduct giving rise to the claim, did not violate the retroactivity clause when applied to persons convicted of a felony prior to its enactment date. The court stated:
 [A] later enactment will not burden or attach a new disability to a past transaction or consideration in the constitutional sense, unless the past transaction or consideration, if it did not create a vested right, created at least a reasonable expectation of finality. The completion of a tax year is such a transaction; the commission of a felony is not.
Id. at 281.
According to the Matz test, because a sexual predator has "no reasonable expectation of finality" in his past felonious conduct, R.C. 2950.11 does not attach to it a new disability, and thus, does not offend the retroactivity clause. Lyttle, supra. The fact that R.C. 2950.11 is triggered by the antecedent fact of a conviction for a sexually oriented offense does not make the statute impermissibly retroactive. Bartis, supra. Because Fortman has no reasonable expectation of finality in his past conviction, R.C. 2950.11 does not "burden or attach a new disability" to his past conviction. Lance, supra. But see State v. Cook (Aug. 7, 1997), Allen App. No. 1-97-21, unreported (finding that R.C.2950.11 "attaches new disabilities by labeling the offender as a sexual predator and informing the specified persons and agencies of such finding"), appeal allowed (1998), 80 Ohio St.3d 1470. Thus, the retroactivity clause of the Ohio Constitution will not be violated by applying the notification provisions to Fortman.
Having concluded that R.C. 2950.11 violates neither the expost facto clause of the United States Constitution nor the retroactivity clause of the Ohio Constitution, the state's sole assignment of error is sustained.
Fortman raises one cross-assignment of error on appeal.
 OHIO'S SEXUAL PREDATOR STATUTE IS VOID FOR VAGUENESS AND UNCONSTITUTIONAL UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
Fortman contends that Ohio's sexual predator statute is unconstitutionally vague because the common dictionary definition of "predatory," i.e., "of, relating to, or practicing plunder, pillage, or rapine," will lead persons of ordinary intelligence to "conclude that a sexual predator, when so defined by legislative or judicial authority, is a person who indiscriminately and recklessly engages in felonious conduct." He further states that RC. 2950.09(B)(2) does not adequately guide a trial court's determination whether to classify a person as a sexual predator because it does not specify how much weight to attach to each of the factors, how many factors must exist before a person is classified as a sexual predator, nor how to prioritize these factors.
Because the trial court did not rule on Fortman's void-for-vagueness challenge but proceeded to classify him as a sexual predator, we must assume that the trial court found Fortman's argument unmeritorious.
R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses," which are listed in R.C.2950.01(D). Prior to sentencing a person who was convicted of a sexually oriented offense, the trial court must conduct a hearing to determine whether to classify the offender as a sexual predator. R.C. 2950.09(B)(1). At this hearing, the offender and the prosecutor "shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses." R.C. 2950.09(B)(1). Pursuant to R.C. 2950.09(B)(2), the trial court must consider "all relevant factors, including, but not limited to, all of the following" in determining whether to classify the person as a sexual predator:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Furthermore, the trial court must have found "by clear and convincing evidence" that the offender is a sexual predator before labeling him as such. R.C. 2950.09(B)(3).
A statute that is "so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application" will be held unconstitutionally vague. Connelly v.General Construction Co. (1926), 269 U.S. 385, 391. A vagueness challenge requires a court to determine whether the statute "(1) provides sufficient notice of its proscriptions and (2) contains reasonably clear guidelines to prevent official arbitrariness or discrimination in its enforcement." Perez v. Cleveland (1997),78 Ohio St.3d 376, 378. Because the provisions challenged by Fortman do not actually prohibit conduct, we must determine whether they are reasonably clear so as to prevent arbitrary or discriminatory application. Id. at 378. The Perez court further explained:
 The void-for-vagueness doctrine does not require statutes to be drafted with scientific precision. Nor does the doctrine require that every detail regarding the procedural enforcement of a statute be contained therein. Instead, it permits a statute's certainty to be ascertained by application of commonly accepted tools of judicial construction, with courts indulging every reasonable interpretation in favor of finding the statute constitutional. (Citations omitted).
Id. at 378-379.
In our opinion, persons of ordinary intelligence can understand the definition of sexual predator set forth in R.C.2950.01(E) and the R.C. 2950.09(B)(2) factors. Merely because a common dictionary definition of "predator" differs from the Revised Code definition of "sexual predator" does not render the statutory definition unconstitutionally vague. Furthermore, that the factors for determining whether to classify a person as a sexual predator are not weighted nor prioritized does not lead toad hoc and subjective decision-making by trial courts. SeePerez, 78 Ohio St.3d at 378. As the Bartis court pointed out, the state bears the burden of proving "by clear and convincing evidence" that the offender is a sexual predator, and the trial court cannot attach this label without having considered all the evidence produced at the hearing and making a determination based on the particular facts of each case. Bartis, supra. In Lance, the court stated:
 We cannot hold that the factors set forth in R.C. 2950.02 are so imprecisely drafted as to provide no standard at all. Each case under R.C. 2950.09 is factually based, and the factors give the court the flexibility necessary to determine whether an offender is a sexual predator on a case-by-case basis. The factors may be weighed either in favor of or against the offender being classified as a sexual predator depending on the facts of the case. Nevertheless, the factors are specific enough when considered with the other provisions of R.C. Chapter 2950 to provide the court with minimal guidelines. They do not permit a "standardless sweep" that allows the court to pursue its own "personal predilections." (Footnotes omitted.)
Lance, supra. R.C. 2950.09(B)(2) provides the trial court with a comprehensible standard for determining whether a person is a sexual predator. Because persons of ordinary intelligence are not left to guess at the meaning of sexual predator, the statute is not unconstitutionally vague.
Fortman's cross-assignment of error is overruled.
The judgment of the trial court will be reversed as it pertains to the constitutionality of the notification provision.
YOUNG, P.J. and BROGAN, J., concur.
Copies mailed to:
Cheryl A. Ross
Anthony J. Zaharieff
Hon. Patrick J. Foley
[1] R.C. 2950.11(A) provides that the following persons shall receive the information specified in subdivision (B): (1) All occupants of residences adjacent to the offender's place of residence that are located within the county served by the sheriff and all additional neighbors of the offender who are within any category that the attorney general * * * requires to be provided the notice and who reside within the county served by the sheriff;
 (2) The executive director of the public children services agency * * *;
 (3) The superintendent of each board of education of a school district * * *;
 (4) The appointing or hiring officer of each chartered nonpublic school * * * or of each other school * * * that is not operated by a board of education * * *;
 (5) The director, head teacher, or elementary principal of each preschool program * * *;
 (6) The administrator of each child day-care center or type A family day-care home * * * and the provider of each certified type B family day-care home * * *;
 (7) The president or other chief administrative officer of each institution of higher education * * * and the chief law enforcement officer of the state university law enforcement agency or campus police department * * * if any, that serves that institution.
 (8) The sheriff of each county that includes any portion of the specified geographical notification area.
 (9) If the offender resides within the county served by the sheriff, the chief of police, marshal, or other chief law enforcement officer of the municipal corporation in which the offender resides or, if the offender resides in an unincorporated area, the constable or chief of the police department or police district police force of the township in which the offender resides.
R.C. 2950.11(B) requires the written notice to include the following information:
(1) The offender's name;
 (2) The address or addresses at which the offender resides;
 (3) The sexually oriented offense of which the offender was convicted or to which the offender pleaded guilty;
 (4) A statement that the offender has been adjudicated as being a sexual predator and that, as of the date of the notice, the court has not entered a determination that the offender no longer is a sexual predator * * *.