The following appeal arises from the decision of the Carroll County Court of Common Pleas wherein James Berry ("appellant") was adjudicated a sexual predator. For the reasons set forth below, the decision of the trial court is affirmed.
 I. FACTS
The case at bar presents this court with a rather complex procedural history. On May 6, 1991, appellant was indicted by the Carroll County Grand Jury on one count of felonious sexual penetration in violation of R.C. 2907.12 (A) (1) (b) and two counts of gross sexual imposition in violation of R.C. 2907.05 (A) (4). Said indictments arose from alleged sexual conduct with appellant's two daughters as well as a friend of the youngest daughter. All of the juveniles involved were under the age of thirteen at the time the offenses occurred. A plea agreement was eventually reached between appellant and the state on September 19, 1991 whereby appellant entered pleas of no contest to the two gross sexual imposition charges while the felonious sexual penetration charge was nolle prosequied. As a result of this plea agreement, the trial court sentenced appellant to two years terms of incarceration on each of the two counts with said terms to run consecutively to one another.
Following a brief period of incarceration, appellant filed a motion for shock probation on November 4, 1991. The trial court held a hearing in regards to said motion on December 19, 1991 at which time the remaining portion of appellant's sentence was suspended. In return, appellant was placed on probation for a five year period. Appellant continued on probation until July 1, 1993. At that time a motion to revoke probation was filed on the basis that appellant had failed to comply with the term of his probation which required him to complete a treatment program for sexual offenders. Upon having his term of probation revoked, appellant was remanded to the custody of the Ohio Department of Rehabilitation and Correction to serve out the remainder of his sentences.
While still incarcerated on the gross sexual imposition charges, appellant was indicted on a charge of conspiracy to commit aggravated murder. The record reflects that while imprisoned, appellant attempted to devise a plan whereby the Carroll County Prosecutor would be murdered. Following a jury trial on the matter, appellant was convicted of the charge specified in the indictment and was sentenced to an additional term of imprisonment of seven to twenty-five years.
Upon completing the sentence on the initial gross sexual imposition charges, appellant then began serving his sentence on the conspiracy to commit aggravated murder conviction. While incarcerated on the second conviction, the Ohio Department of Rehabilitation and Correction forwarded to the Carroll County Court of Common Pleas a sexual predator screening instrument along with its recommendation that appellant be adjudicated a sexual predator. Based upon this recommendation, the state filed a motion on March 3, 1999 requesting that the matter be scheduled for hearing.
The trial court held a sexual predator determination hearing on April 13, 1999 pursuant to the state's request. During the course of the hearing, the state offered testimony from the Chief of the Minerva Police Department who had been responsible for conducting the investigation which lead to appellant's indictment' on the gross sexual imposition and felonious sexual penetration charges. In addition to this testimony, the state offered a number of exhibits into evidence in support of its position. Appellant did not cross-examine the state's witness nor did he provide any statement or evidence on his own behalf. At the conclusion of the hearing, the trial court took the matter under advisement.
In its April 13, 1999 judgment entry, the trial court determined that it had been presented with clear and convincing evidence of appellant's likelihood to reoffend. Based upon this finding, the trial court adjudicated appellant a sexual predator. A timely notice of appeal was filed on May 7, 1999 in which appellant alleges five assignments of error. In that assignments of error numbers one, two, three and five all deal with constitutional issues previously addressed by this court, these assignments will be dealt with prior to disposing of appellant's fourth assignment.
 II. ASSIGNMENT OF ERROR NUMBER ONE
Appellant's first assignment of error reads as follows:
 "THE TRIAL COURT ERRED AND COMMITTED PLAIN ERROR IN ADJUDICATING THE APPELLANT AS A SEXUAL PREDATOR PURSUANT TO REVISED CODE SECTION 2950 ET SEQ., FOR THE REASON THAT NO STANDARD IS ESTABLISHED FOR APPLYING THE FACTORS IN REVISED CODE 2950.09 (D) (2) (sic), THEREBY RENDERING THE LAW VAGUE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT OF THE U.S. CONSTITUTION."
Appellant's first constitutional attack upon R.C. Chapter 2950 alleges that the statute is unconstitutionally vague as it does not provide a standard to guide trial courts in the application of the factors itemized under R.C. 2950.09 (B) (2). However, this court has previously ruled upon the issue of vagueness in our decision in State v. Woodburn (Mar. 23, 1999) Columbiana App. No. 98 CO 6, unreported. In Woodburn we held that the statute does set forth numerous factors which a trial court may consider in its classification of a defendant. Id. at 10. Moreover, we determined that " [s]aid factors clearly provide guidance and minimum standards which must be followed by the trial court during its proceedings." Id. As such, it has been held that a constitutional challenge of vagueness must fail. Additional support is gained for this position by analyzing recent decisions issued by both the Third and First District Courts of Appeals. In State v. Avery (1998), 126 Ohio App.3d 36, the Third District similarly overruled a constitutional attack of R.C. Chapter 2950 on vagueness grounds. In its decision the court acknowledged the fact that scientific precision is not required of statutory wording. Id. at 54 citing Perez v. Cleveland (1997),78 Ohio St.3d 376, 378. Furthermore, in light of the fact that each sexual predator determination is fact specific, the legislature had to provide a statutory framework which permitted courts some discretion in applying the factors to each individual case. Id.
In that the discretion afforded courts is not viewed as unbridled, the court concluded that a vagueness challenge could not succeed. Id. The First District made a comparable decision when it held that "the factors set forth in R.C. 2950.09 (B) are not facially vague and do not permit a "standardless sweep' allowing a court to pursue its own "personal predilections'." State v. Lee (1998),128 Ohio App.3d 710, 716.
Based upon this authority, appellant's first assignment of error is held to lack merit.
 III. ASSIGNMENT OF ERROR NUMBER TWO
Appellant's second assignment of error reads:
 "THE TRIAL COURT ERRED IN FINDING APPELLANT A SEXUAL PREDATOR FOR THE REASON THAT REVISED CODE 2950, AMENDED BY HOUSE BILL 180 IS AN UNCONSTITUTIONAL EX POST FACTO LAW IN THAT APPELLANT'S CRIMES WERE COMMITTED PRIOR TO THE AMENDMENT OF TITLE 2950."
Under this assignment of error, appellant acknowledges the fact that the Ohio Supreme Court previously held "R.C. 2950.09 (B) (1), as applied to conduct prior to the effective date of the statute, does not violate the Fix Post Facto Clause of Section 10, Article I of the U.S. Constitution." State v. Cook (1998),83 Ohio St.3d 404, paragraph two of the syllabus. However, appellant insists that he will suffer "penalties" which had not been considered by the court in Cook. The simple fact of the matter however is that both the Ohio Supreme Court as well as this court have concluded that R.C. Chapter 2950 does not violate the Ex PostFacto Clause of the U.S. Constitution. See Cook; Woodburn; Statev. Goodballet (Mar. 30, 1999), Columbiana App. No. 98 CO 15, unreported; and State v. Clay (June 1, 1999), Columbiana App. No. 97 CO 58, unreported. It has clearly been held that R.C. Chapter 2950 is remedial in nature and does not have a punitive effect. Id. Therefore, appellant's second assignment of error is also overruled.
 IV. ASSIGNMENT OF ERROR NUMBER THREE
Appellant's third assignment of error reads:
 "THE TRIAL COURT COMMITTED PLAIN ERROR IN NOT STRIKING DOWN AN UNCONSTITUTIONAL REVISED CODE TITLE 2950 AS AMENDED BY HOUSE BILL 180 IN THAT, FINDING THE APPELLANT TO BE A SEXUAL PREDATOR VIOLATED HIS CONSTITUTIONAL RIGHTS AS GUARANTEED BY ARTICLE I, SECTION 1 OF THE OHIO CONSTITUTION."
Appellant next relies upon State v. Williams (Jan. 29, 1999), Lake App. No. 97 L 191, unreported, for the proposition that R.C. Chapter 2950 is unconstitutional on the grounds that it violates Article I, Section 1 of the Ohio Constitution which states:
 "All men are, by nature, free and independent, and have certain inalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing, and protecting property, and seeking and obtaining happiness and safety."
In relying upon the Eleventh District's case, appellant argues that R.C. Chapter 2950 infringes upon his rights as guaranteed by Article I, Section 1 of the Ohio Constitution to such a degree as to render the statute unconstitutional.
This position must also fail for a number of reasons. This court has previously announced in Woodburn, supra that we respectfully disagree with the opinion espoused in Williams as the statute is not believed to interfere with the rights of individuals nor is it unduly oppressive. Woodburn at 11. The Eleventh District's opinion was similarly rejected by the Twelfth District Court of Appeals in State v. Baker (Aug. 23, 1999), Clermont App. No. CA98 11 108, unreported. In that decision the court held that "the statute bears a real and substantial relation to the public health, safety, morals, and general welfare, and that the statute is neither unreasonable nor arbitrary." Id. at 17.
Finally, even if this court were to agree with the reasoning set forth in Williams, we would be precluded from relying upon it based upon statements made by the Ohio Supreme Court in its "Motion Tables." Upon accepting a discretionary appeal from the decision in Williams, supra the Ohio Supreme Court granted a motion for stay as related to the Eleventh District Court of Appeals' decision. In granting this motion the court specifically stated that "the judgment of the court of appeals is stayed both as to this case and as to its application to other sexually oriented offenders * * *." State v. Williams (1999), 85 Ohio St.3d 1403. Therefore, the reasoning as set forth by the Eleventh District cannot be applied to the case at bar.
Appellant's third assignment of error is overruled.
 V. ASSIGNMENT OF ERROR NUMBER FIVE
Appellant's fifth assignment of error reads:
 "THE TRIAL COURT ERRED IN FINDING THE APPELLANT A SEXUAL PREDATOR FOR THE REASON THAT AMENDED TITLE 2950, AS AMENDED PUNISHES THE APPELLANT A SECOND TIME FOR THE COMMISSION OF THE CRIME, IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE UNITED STATES CONSTITUTION (FIFTH AND FOURTEENTH AMENDMENTS)."
In appellant's final constitutional attack upon R.C. Chapter 2950, appellant asserts that by adjudicating him a sexual predator and requiring him to register for the rest of his life the court has essentially levied a second punishment over and above the original sentence imposed. While appellant acknowledges that the Ohio Supreme Court held in Cook, supra that the registration requirements and labeling do not constitute a separate punishment, appellant still feels compelled to make the unsupported allegation that such requirements can in fact be equated to a second punishment.
As with appellant's prior constitutional challenges, this court has previously overruled identical arguments in Woodburn,Goodballet and Clay, supra. Specifically, in Woodburn this court provided a detailed analysis of the statute in light of the concept of. Double Jeopardy and the Ohio Supreme Court's decision in Cook. Having previously determined that R.C. Chapter 2950 serves solely remedial rather than punitive purposes, this court is unwilling to revisit the issue and alter its prior decision.
Accordingly, appellant's fifth assignment of error is held to lack merit.
 VI. ASSIGNMENT OF ERROR NUMBER FOUR
Appellant's fourth assignment of error reads:
 "THE TRIAL COURT ERRED THEREBY PREJUDICING THE APPELLANT IN FINDING THAT THE STATE HAD PROVEN BY CLEAR AND CONVINCING EVIDENCE THAT HE WAS A SEXUAL PREDATOR PURSUANT TO REVISED CODE 2950."
In appellant's final assignment of error it is argued that the state failed to meet its burden of proof so as to permit the trial court to adjudicate appellant a sexual predator. Appellant asserts that the court in no way justified its decision. It is appellant's belief that all that was proven to the court was that he had committed two sexually oriented offenses against juveniles. Based upon this finding, appellant contends that the court automatically adjudicated him a sexual predator without consideration of whether he was likely to reoffend in the future. Such a lack of support is viewed by appellant as falling short of the standard of proof required by statute.
 A. APPLICABLE LAW
R.C. 2950.09 provides that a person who is convicted of or pleads guilty to a sexually oriented offense may be classified as a sexual predator in accordance with division (B) or (C) of said section. A sexual predator is defined pursuant to R.C. 2950.01 (E) as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." In order to properly adjudicate a defendant as a sexual predator, a trial court must follow certain statutorily prescribed procedures. R.C.2950.09 (B) (1) and (C) (2) provide that any potential candidate for sexual predator adjudication be afforded notice and a hearing on the matter and be provided the opportunity to testify, present evidence, call witnesses and cross-examine opposing witnesses. The trial court is required to review the evidence presented to it and consider all relevant factors as related to the defendant's sexual predator status including but not limited to those factors set forth in R.C. 2950.09 (B) (2) as follows:
"(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct."
After the trial court has received the evidence and testimony at the hearing and has reviewed and considered the factors specified in R.C. 2950.09 (B) (2), it must determine whether it has been presented with clear and convincing evidence that the offender does in fact qualify as a sexual predator. R.C. 2950.09
(C) (2). Specifically, the court must decide whether, based upon the evidence and testimony presented, the offender is likely to engage in one or more sexually oriented offenses in the future. Clear and convincing evidence has been defined as that measure of proof which is more than a mere preponderance of the evidence but less than the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which would provide in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Cincinnati Bar Assn. v. Massengale
(1991), 58 Ohio St.3d 121, 122.
"Where the proof required must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." In re Mental Illness of Thomas
(1996), 108 Ohio App.3d 697, 700 quoting State v. Schiebel (1990),55 Ohio St.3d 71, 74. In reviewing the record however, an appellate court must avoid substituting its judgment for that of the trial court where there exists competent, credible evidence supporting the trial court's determination. Id.
 B. ANALYSIS
A review of the record in the case sub judice reveals that the trial court did not err when it adjudicated appellant a sexual predator. Sufficient evidence was present before the trial court to support the adjudication and to preclude this court from substituting its judgment on appeal.
In looking first to the trial court's April 13, 1999 judgment entry, it is clear that the trial court relied upon more than merely the fact that appellant had committed two sexual offenses against juveniles. The trial court began by acknowledging that a conviction for gross sexual imposition pursuant to R.C. 2907.05
constituted a sexually oriented offense as defined by statute. Therefore, it had properly been presented with appellant's case for a determination of whether he was likely to commit further such offenses in the future. The trial court next turned to addressing the factors set forth under R.C. 2950.09 (B) (2). It was first determined that at the time of the two gross sexual imposition offenses appellant was thirty-six years of age. R.C.2950.09 (B) (2) (a). The two victims involved in the offenses were appellant's eight and twelve year old daughters. R.C. 2950.09 (B) (2) (c). The trial court concluded that due to the nature of the offenses as well as the number of victims) both R.C. 2950.09 (B) (2) (b) and (d) had been met as sexually oriented offenses had been committed against multiple victims. It was further noted by the court that no evidence had been presented that appellant ever participated in a treatment program designed to assist sex offenders. R.C. 2950.09 (B) (2) (f). A review of the record substantiates this conclusion in that appellant's probation had been revoked due to his refusal to enroll in such a program despite the fact that it was a term of his probation.
As to the remaining statutory factors, the trial court noted in its judgment entry that no evidence had been produced indicating that appellant suffered from a mental illness/disability or possessed any abnormal characteristics which contributed to his conduct. R.C. 2950.09 (B) (2) (g) and (j). This court would similarly note that it does not appear that appellant used drugs or alcohol to impair his victims. R.C. 2950.09 (B) (2) (e). However, we would note that based upon the nature of appellant's offenses the factor enumerated under R.C. 2950.09 (B) (2) (h) has additionally been established despite the trial court's failure to indicate such. Appellant's conduct in relation to his two daughters does establish a pattern of sexual abuse. Appellant was not only convicted of multiple offenses against multiple victims which occurred during the same period of time but also evidence submitted at the hearing reveals that appellant admitted to having sexual contact with his daughters on a number of occasions in the past.
In addition to the support provided in the trial court's judgment entry, a review of the record and the evidence submitted by the state provides further substantiation for the determination that appellant is likely to reoffend in the future. For instance, the Minerva Police Department investigative report contains a voluntary statement provided by appellant in regards to the sexual conduct with his two daughters. In said statement appellant makes repeated references to his inability to control or cease his behavior. Additionally, appellant indicated that he frequently fantasized about sexual contact with children and had uncontrollable urges to carry out these fantasies. Such statements give credence to the trial court's statement that appellant is a pedophile and thus would have a tendency to repeat his conduct in light of the lack of treatment.
Based upon the trial court's findings as well as the testimony and documentation presented by the state, this court cannot hold that the trial court failed to meet the clear and convincing standard of proof. The trial court clearly considered and weighed the statutory factors set forth in R.C. 2950.09 (B) (2) in reaching its conclusion that appellant was likely to commit additional sexually oriented offense in the future. Moreover, the trial court did not rely solely on the offenses and the age of the victims in arriving at its conclusion. The record reflects that the trial court found a majority of the statutory factors had been satisfied during the course of the hearing. In addition to considering the factors the trial court specifically stated that it "reviewed the original trial materials from 1991; the victim and defendant's statements; the hearing exhibits, and argument of counsel in conjunction with the factors set forth in R.C. 2950.09
(B) (2) and all other "relevant factors." (04/13/99 J.E. at 2). In contrast to this information appellant provided no evidence, testimony or cross-examination which would tend to prove that he was not likely to reoffend. In light of this evidence in conjunction with the trial court's analysis, this court must hold that competent, credible evidence was before the trial court thus precluding this court from substituting its judgment. Schiebel, supra. Therefore, appellant's fourth assignment of error is also overruled.
While not specifically raised as an assignment of error as required by App.R. 16 (A), appellant addresses an additional issue under both assignments of error number two and five which warrants this court's review. Appellant argues that at the time of the sexual predator determination he was no longer incarcerated for a sexually oriented offense. In April 1999, appellant had already served out his entire sentence for the gross sexual imposition charges and had started his term of imprisonment on the conspiracy to commit aggravated murder conviction. Thus, appellant is of the belief that the court was without jurisdiction to adjudicate him a sexual predator. Said argument was raised at the trial court level through an oral motion to dismiss at the beginning of the sexual predator determination hearing. However, the court overruled said motion as it held that R.C. 2950.09 (C) (1) requires only incarceration at the time of the hearing and not incarceration on a sexually oriented offense.
A review of the applicable statutory section reveals the following language:
 "(C) (1) If a person was convicted of or pleaded guilty to a sexually oriented offense prior to January 1, 1997., if the person was not sentenced for the offense on or after January 1, 1997, and if on or after January 1, 1997, the offender is serving a term of imprisonment in a state correctional institution, prior to the offender's release from the term of imprisonment, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator." (Emphasis added).
While this court has not previously had the opportunity to consider this issue, we are provided guidance by reviewing decisions of both the Tenth and Ninth District Courts of Appeals. In State v. Johnson (Sept. 24, 1998), Franklin App. Nos. 97APA12-1585 and 97APA12-1589, unreported, the Tenth District addressed a similar situation wherein the defendant had completed his sentence on the sexually oriented offense but remained incarcerated on an aggravated burglary charge. The defendant therein attempted to argue that "imprisonment" as referenced in R.C. 2950.09 (C) (1) referred only to the sentence on a sexually oriented offense and therefore the court had been divested of jurisdiction. However, the court refused to adopt such a position as the statute did not limit the confinement to that involving sexual offenses. Id. at 3. So long as the defendant remained incarcerated as required by R.C. 2950.09 (C) (1), the trial court maintained the ability to adjudicate an individual a sexual predator who had a history of convictions for sexually oriented offenses. Id. The trial court concluded that the legislature had not involuntarily omitted a reference to incarceration for a sexually oriented offense under (C) (1) as it had provided such limitations in other subsections of R.C. 2950.09. Id. Therefore, the trial court maintained jurisdiction over the defendant so long as he remained incarcerated on any conviction.
The Ninth District Court of Appeals adopted the position espoused in Johnson when it decided State v. Brintzenhofe (May 12, 1999), Summit App. No. 18924, unreported. In this recent decision the court held that the incarceration need not be related to any sexually oriented offense in order to permit sexual predator adjudication. Id. at 1, fn. 2. So long as the defendant is incarcerated and the remaining factors set forth in R.C. 2950.09
(C) (1) are met the trial court may proceed with a sexual predator determination hearing.
While the unreported appellate decisions discussed herein are in no way binding upon this court, we nonetheless find the reasoning set forth by the courts to be persuasive. As this court previously held in State ex rel. Phelps v. Columbiana Ctv. Commrs.
(1998), 125 Ohio App.3d 414, a reviewing court will not subject definite and unambiguous statutory language to interpretation since the existence of the former precludes the latter. Id. citingState ex rel. Herman v. Klopfleisch (1995), 72 Ohio St.3d 581,584. If unambiguous, the words of the statute will be given their clear meaning. Roxane Laboratories. Inc. V. Tracy (1996), 75 Ohio St.3d 125,127. A review of R.C. 2950.09 (C) (1) unequivocally reveals that all which is required prior to a sexual predator determination hearing is that "the offender is serving a term of imprisonment." Absolutely no reference is made that the imprisonment must arise as a result of a sexually oriented offense conviction. Had the legislature intended such a requirement it easily could have inserted such language in the statute. Due to the very fact that this type of restriction has not been included in the statute, this court is precluded from reading such into the statute as the statute is clear and unambiguous on its face.
In light of this court's reasoning herein, all of appellant's assignments are held to lack merit.
For the foregoing reasons, the decision of the trial court is affirmed.
Cox, P.J., concurs; see concurring opinion.
Donofrio, J., concurs.
 APPROVED: _____(signed)__________ JOSEPH J. VUKOVICH, JUDGE