[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 376.]

PEREZ ET AL., APPELLANTS, V. CLEVELAND, CTY. CORONER, APPELLEE.

[Cite as Perez v. Cleveland, 1997-Ohio-33.]

*Coroners—Use of declaratory judgment for challenging a coroner's verdict is inappropriate—R.C. 313.19, delimiting the procedure for challenging a coroner's verdict, is not void for vagueness due to its lack of specificity.*

1. Because R.C. 313.19 delimits the procedure for challenging a coroner's verdict, use of declaratory judgment to resolve those same issues is inappropriate. (*State ex rel. Albright v. Delaware Cty. Court of Common Pleas* [1991], 60 Ohio St.3d 40, 42, 572 N.E.2d 1387, 1389, followed and applied.)

2. R.C. 313.19 is not void for vagueness due to its lack of specificity regarding the procedure for challenging a coroner's verdict.

(No. 96-108--Submitted March 18, 1997--Decided May 14, 1997.)

APPEAL from the Court of Appeals for Hamilton County, No. C-940553.

———————————

{¶ 1} In April 1989, appellee, Hamilton County Coroner Frank P. Cleveland, signed the death certificate of Sarah Perez, the infant daughter of appellants, Richard and Katherine Perez. Cleveland listed asphyxia due to homicide as the cause of Sarah's death. In November of that same year, Katherine Perez was tried for Sarah's murder and acquitted.

{¶ 2} The Perezes filed an action under R.C. 313.19 and for declaratory judgment, asking the court for an order directing Cleveland to change Sarah's death record to indicate that her death resulted from natural causes rather than homicide. The trial court dismissed the cause on Cleveland's motion, asserting that no real or justiciable controversy existed. The appellate court affirmed that dismissal. In *Perez v. Cleveland* (1993), 66 Ohio St.3d 397, 613 N.E.2d 199 ("*Perez I*"), this

court reversed and remanded the cause to the trial court after concluding that the Perezes had stated a justiciable claim for relief under R.C. 313.19.

{¶ 3} On remand, the trial court followed decisional law for that county rendered in *Roark v. Lyle* (App.1952), 68 Ohio Law Abs. 180, 52 O.O. 168, 121 N.E.2d 837, to determine that R.C. 313.19's provision relating to judicial review of coroner decisions is void for vagueness and therefore unconstitutional. The appellate court upheld the trial court's judgment.

{¶ 4} The cause is now before this court pursuant to a discretionary appeal.

_____

*James N. Perry* and *D. Shannon Smith*, for appellants.

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *John J. Arnold*, Assistant Prosecuting Attorney, for appellee.

_____

**COOK, J.**

{¶ 5} In this case we determine whether that portion of R.C. 313.19 authorizing judicial review of a coroner's verdict regarding the cause of death and the manner and mode in which the death occurred can be given effect under the Due Process Clauses of our state and federal Constitutions or whether that portion of the statute is void for vagueness. R.C. 313.19 states:

"The cause of death and the manner and mode in which the death occurred, as delivered by the coroner and incorporated in the coroner's verdict and in the death certificate filed with the division of vital statistics, shall be the legally accepted manner and mode in which such death occurred, and the legally accepted cause of death*, unless the court of common pleas of the county in which the death occurred, after a hearing, directs the coroner to change his decision as to such cause and manner and mode of death."* (Emphasis added.)

{¶ 6} In arguing that the judicial review provision of R.C. 313.19 is not void for vagueness, appellants rely on dicta contained in *Perez I, Vargo v. Travelers Ins.*

2

*Co., Inc.* (1987), 34 Ohio St.3d 27, 29, 516 N.E.2d 226, 229, fn. 3, and *State ex rel. Blair v. Balraj* (1994), 69 Ohio St.3d 310, 314, 631 N.E.2d 1044, 1048, where this court advised that the relief afforded under R.C. 313.19 can be obtained through declaratory judgment. Appellants argue that the procedures set forth in the Declaratory Judgment Act, R.C. Chapter 2721, may be applied to cure R.C. 313.19's alleged procedural deficiencies. We hold that R.C. 313.19's judicial review provision is not void for vagueness, but retreat from our earlier statements suggesting that declaratory judgment is the proper vehicle to challenge a coroner's verdict.

{¶ 7} R.C. 313.19 prescribes the presumptive value to be accorded a coroner's verdict. *Vargo, supra,* 34 Ohio St.3d 27, 516 N.E.2d 226, paragraph one of the syllabus. It also outlines a special statutory procedure allowing judicial review of a coroner's verdict. Jurisdiction and venue in an R.C. 313.19 action are exclusively vested in the common pleas court of the county in which the death occurred. Further, R.C. 313.19 mandates a hearing on the challenge and empowers the court to direct the coroner to change his verdict.

{¶ 8} Because R.C. 313.19 delimits the procedure for challenging a coroner's verdict, use of declaratory judgment to resolve those same issues is inappropriate. *State ex rel. Albright v. Delaware Cty. Court of Common Pleas* (1991), 60 Ohio St.3d 40, 42, 572 N.E.2d 1387, 1389. The consequent issue is whether the special statutory procedure outlined in R.C. 313.19 may be given effect under our state and federal Constitutions without resort to declaratory judgment.

{¶ 9} Appellate courts that have found R.C. 313.19's judicial review provision void for vagueness have rested their analysis on the statute's lack of specificity regarding how judicial review is to be instituted and the statute's failure to express a standard of proof. *Goldsby v. Gerber* (1987), 31 Ohio App.3d 268, 270, 31 OBR 553, 555, 511 N.E.2d 417, 420; *Roark v. Lyle* (App.1952), 68 Ohio Law Abs. 180, 52 O.O. 168, 121 N.E.2d 837; *State ex rel. Dana v. Gerber* (1946), 79

Ohio App. 1, 8, 34 O.O. 48, 50, 70 N.E.2d 111, 115. That lack of specificity, however, does not violate due process.

{¶ 10} In *Grayned v. Rockford* (1972), 408 U.S. 104, 108-109, 92 S.Ct. 2294, 2298-2299, 33 L.Ed.2d 222, 227-228, the United States Supreme Court set out the following guidelines for evaluating a void-for-vagueness claim:

"Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application. ***"[1] (Footnotes omitted.) Accordingly, when a statute is challenged under the due process doctrine of vagueness, a court must determine whether the enactment (1) provides sufficient notice of its proscriptions and (2) contains reasonably clear guidelines to prevent official arbitrariness or discrimination in its enforcement. *Smith v. Goguen* (1974), 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605.

{¶ 11} R.C. 313.19 does not proscribe or prohibit conduct. Accordingly, the reasons advanced to find the judicial review provision of that statute void for vagueness relate solely, if at all, to the possibility of arbitrary or discriminatory enforcement of R.C. 313.19's remedial provision. See *United States ex rel. Fitzgerald v. Jordan* (C.A.7, 1984), 747 F.2d 1120, 1129-1130.

---

1. We omit the third factor set forth in *Grayned, supra,* relating solely to statutes that abut on First Amendment freedoms, as inapplicable to this case. *Id.* at 109, 92 S.Ct. at 2299, 33 L.Ed.2d at 228.

**{¶ 12}** The void-for-vagueness doctrine does not require statutes to be drafted with scientific precision. *State v. Anderson* (1991), 57 Ohio St.3d 168, 174, 566 N.E.2d 1224, 1229. Nor does the doctrine require that every detail regarding the procedural enforcement of a statute be contained therein. Instead, it permits a statute's certainty to be ascertained by application of commonly accepted tools of judicial construction, with courts indulging every reasonable interpretation in favor of finding the statute constitutional. *State v. Dorso* (1983), 4 Ohio St.3d 60, 61, 4 OBR 150, 151, 446 N.E.2d 449, 450.

**{¶ 13}** Courts are well equipped to determine the appropriate procedures to employ in hearing a cause of action. Issues of standing and application of the appropriate statute of limitations often require judicial analysis beyond the language of the statute authorizing an action. See, *e.g.*, *Hardin v. Kentucky Util. Co.* (1968), 390 U.S. 1, 6-7, 88 S.Ct. 651, 654-655, 19 L.Ed.2d 787, 792-793; *McAuliffe v. W. States Import Co., Inc.* (1995), 72 Ohio St.3d 534, 651 N.E.2d 957. Likewise, courts must occasionally determine the appropriate standard of proof to apply in statutory actions in the absence of a legislative statement on the issue. See *Walden v. State* (1989), 47 Ohio St.3d 47, 53, 547 N.E.2d 962, 967 (holding that, in the absence of language indicating the standard of proof to apply in a civil action for wrongful imprisonment under R.C. 2305.02, "the General Assembly intended to apply the usual preponderance of the evidence standard to civil proceedings"). Once these determinations are made by a court, appellate review and s*tare decisis* prevent arbitrary or discriminatory enforcement. See *Fitzgerald, supra,* 747 F.2d at 1130.

**{¶ 14}** None of the concerns connected with the void-for-vagueness doctrine is implicated in R.C. 313.19's judicial review provision. Accordingly, we hold that R.C. 313.19 is not void for vagueness due to its lack of specificity regarding the procedure for challenging a coroner's verdict. In light of our holding,

we reverse the judgment of the court of appeals and remand the cause to the common pleas court to conduct a hearing pursuant to R.C. 313.19.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

DOUGLAS and RESNICK, JJ., concur in judgment only.

————————————