OPINION
Appellant Rayvonne Williams appeals the decision of the Stark County Court of Common Pleas, Juvenile Division, that found him delinquent under Canton Local Ordinance 537.14(a). The following facts give rise to this appeal. On November 14, 1997, a complaint was filed against appellant charging him with one count of disrupting a school activity in violation of Canton Local Ordinance 537.14(a). The charge was the result of two incidents that occurred on October 24, 1997. On this date, appellant, a sixth grader at Hartford Middle School, received two referrals to the office for disciplinary action. The first incident occurred when Diane Michalik, appellant's reading teacher, observed appellant throwing spitballs in class. Appellant did not stop throwing the spitballs upon Ms. Michalik's request. As a result of his continued conduct, Ms. Michalik referred appellant to the office. Appellant received a thirty minute detention for the spitball incident. The second incident occurred while appellant was in his homeroom, prior to lunch, with his homeroom teacher, Mindy Engler. Appellant informed Ms. Engler that a female student struck him and that he intended to go into the girl's bathroom after the female student. Ms. Engler told appellant he was not permitted to enter the girl's bathroom. Appellant continued to express that he was upset about his treatment by the female student. As a result of this conduct, Ms. Engel referred appellant to the office. This incident resulted in one-day of in-school suspension. On February 23, 1998, appellant appeared for his arraignment and denied the allegations in the complaint. Appellant filed a motion to dismiss the complaint on March 25, 1998. The trial court overruled appellant's motion on October 1, 1998. Appellant failed to appear for his scheduled trial on October 29, 1998. The trial court issued a warrant. Appellant appeared before the trial court on November 12, 1998. The trial court re-scheduled appellant's trial for January 15, 1999. Appellant again failed to appear for trial and the trial court issued another warrant. The trial court subsequently vacated this warrant due to weather conditions. This matter proceeded to trial on January 29, 1999. The magistrate found appellant delinquent. Appellant filed a timely objection on March 4, 1999, which the trial court overruled on April 5, 1999. Appellant filed a notice of appeal and sets forth the following assignments of error for our consideration.
I. THE TRIAL COURT ERRED BECAUSE CANTON LOCAL ORDINANCE 537.14 IS VOID AS UNCONSTITUTIONAL, VAGUE AND OVERBRAOD.
II. THE TRIAL COURT ERRED BECAUSE A FINDING OF DELINQUENCY VIOLATES THE JUVENILE'S CONSTITUTIONAL PROTECTION AGAINST DOUBLE JEOPARDY.
III. THE JUDGMENT OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE WHERE IT WAS NOT PROVEN BEYOND A REASONABLE DOUBT THAT APPELLANT HAD DISRUPTED A SCHOOL ACTIVITY.
 I
In his First Assignment of Error, appellant contends Canton Local Ordinance 537.14 is void as unconstitutional, vague and overbroad. We agree and find said ordinance unconstitutional pursuant to the vagueness doctrine. The ordinance at issue provides as follows:
 (a) No person shall assault, strike, threaten or menace a teacher, instructor, professor or person in charge of a class of students, or any employee of the school, college or university, while in the performance of their duties, or disrupt, disturb or interfere with any activity conducted in a school, college or university building, or upon the campus or grounds thereof, or in any public place, or improperly and unlawfully assault, strike, threaten, menace, follow, pursue or lay hands upon a student or other person in a school, college or university building, or upon the campus or grounds thereof, or in any public place or improperly and unlawfully assault, strike, threaten, menace, follow, pursue or lay hands upon a student or other person in a school, college, or university building or upon the grounds or campus thereof, or upon the way to or from any school college or university sponsored activity.
In analyzing appellant's First Assignment of Error, we find the vagueness doctrine applicable, to the facts of this case, as opposed to the overbreadth doctrine, because it applies to legislation that lacks clarity and precision. Dayton Tavern, Inc. v. Liquor Control Commission (Aug. 27, 1999), Montgomery App. No. 17651, unreported, at 5, citing 16A American Jurisprudence 2d (1998), 380-381, Constitutional Law, Section 411. The overbreadth doctrine is not applicable because it applies primarily in the First Amendment area and may render void legislation which is lacking neither in clarity nor precision. Id. We begin our analysis by acknowledging the basic premise that statutes are entitled to a strong presumption of constitutionality. State v. Longhorn World Championships Rodeo, Inc. (1985), 19 Ohio App.3d 115,118. Thus, where possible, the courts should construe statutes in a manner which permits the statute to operate lawfully and constitutionally. Schneider, Tax Commr. v. Laffoon (1965),4 Ohio St.2d 89, 87. A statute is unconstitutionally vague if men of common intelligence must necessarily guess at its meaning and differ as to its application. Connally v. General Construction Co. (1926), 269 U.S. 385, 391. However, a statute is not unconstitutionally vague if it "* * * (1) provides sufficient notice of its proscriptions, and (2) contains reasonably clear guidelines to prevent official arbitrariness or discrimination in its enforcement." Perez v. Cleveland (1997), 78 Ohio St.3d 376,378, citing Smith v. Goquen (1974), 415 U.S. 566. It is this analysis that we apply to appellant's First Assignment of Error. The specific language appellant challenges provides that "[n]o person shall * * * disrupt, disturb or interfere with any activity conducted in a school, college or university building, or upon the campus or grounds thereof, or in any public place, * * *." (Emphasis added.) Based on our reading of this language, we conclude a person of average intelligence could not understand what this ordinance requires. Specifically, there is no guidance as to what constitutes a disruption, disturbance or interference of school activity. As a result of this vague language, a charge may be filed for something as minor as throwing a spitball to something as serious as assaulting an employee of the school. Further, the ordinance makes no attempt to describe the most severe behavior it intends to modify which may result in a difference in its application. Thus, a student that assaults an employee of the school may be charged under Canton Local Ordinance 537.14, for disrupting a school activity, or R.C.2903.13(C)(2)(e), for assaulting a teacher. We conclude, based on our review of the ordinance at issue, that Canton Local Ordinance 537.14 does not provide sufficient notice of its proscriptions and contains no reasonably clear guidelines to prevent official arbitrariness or discrimination in its enforcement. Appellant's First Assignment of Error is sustained on the basis that the ordinance at issue is unconstitutionally vague. We will not address appellant's Second and Third Assignments of Error as they are moot based on our disposition of appellant's First Assignment of Error.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby reversed.
FARMER, P.J., and READER, V. J., concur.