OPINION
Defendant-Appellant, William Block, appeals from the decision of the Auglaize County Court of Common Pleas adjudicating him to be a sexual predator pursuant to R.C. Chapter 2950.
On June 7, 1990 Appellant was indicted by the Auglaize County Grand Jury on one count of Rape with specifications, a violation of R.C. § 2907.02(A)(1)(b)(B) and a felony of the first degree, and four counts of Gross Sexual Imposition, violations of R.C. § 2907.05 and felonies of the third degree. On August 22, 1990, pursuant to a Negotiated Plea Agreement, Appellant amended his original Not Guilty Plea and entered a Guilty Plea to an amended charge of Rape without specifications, a violation of R.C. § 2907.02(A)(1)(b). Appellant was thereafter convicted of the amended charge and sentenced to an indefinite term of not less than ten (10) nor more than twenty-five (25) years in the Ohio Department of Rehabilitation and Corrections.
On July 30, 1999 Appellant was identified as being potentially subject to adjudication as a sexual predator pursuant to R.C. Chapter 2950. At an October 1, 1999 hearing, the court determined that Appellant was a sexually oriented offender and that he was likely to commit one or more such offenses in the future. Consequently, Appellant was adjudicated a sexual predator. It is from this adjudication that Appellant now appeals, prosecuting six assignments of error.
Assignment of Error Number One
 The Trial Court erred, in violation of the Ex Post Facto Clause of the United States Constitution, in finding Defendant-Appellant to be a sexual predator.
In State v. Cook (1998), 83 Ohio State.3d 404, the Supreme Court of Ohio addressed this precise issue. In upholding the constitutionality of R.C. Chapter 2950, the Supreme Court found that the registration and notification provisions set forth in R.C. § 2950.09(B)(1), as applied to conduct occurring prior to the effective date of the statute, do not violate the Ex Post Facto Clause of the United States Constitution or the Retroactivity Clause of the Ohio Constitution. Id. at paragraphs one and two of the syllabus. This Court has consistently followed this Supreme Court precedent, see, e.g., State v. Lacey (Sept. 29, 1999), Union App. No. 14-99-10, 14-99-11, unreported; State v. Fontes (Nov. 11, 1998), Union App. No. 14-97-45, unreported; State v. Cady (Nov. 5, 1998), Crawford App. No. 3-98-14, unreported; thus the trial court did not err in applying R.C. Chapter 2950 to Appellant. On this authority, Appellant's First Assignment of error is overruled.
Assignment of Error Number Two
 The trial court erred, in violation of the Cruel and Unusual Punishment Clauses of the Eighth Amendment to the United States Constitution and Section 9, Article 1 of the Ohio Constitution, in finding Defendant-Appellant to be a sexual predator.
 The Eighth Amendment to the United States Constitution andSection 9, Article I of the Ohio Constitution prohibit theimposition of cruel and unusual punishment. The Ohio SupremeCourt, in Cook, 83 Ohio St.3d at 423, concluded that theregistration and notification provisions of R.C. Chapter 2950 arenot punishment or punitive in nature but, rather, are remedialmeasures designed to ensure the public safety. Thus, theprotections against cruel and unusual punishments are notimplicated. Accordingly, Appellant's Second Assignment of erroris without merit.
Assignment of Error Number Three
 The trial court erred, in violation of the Double Jeopardy Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 10, Article 1 of the Ohio Constitution, in finding Defendant-Appellant to be a sexual predator.
The Double Jeopardy Clause contained in Section 10, Article I
of the Ohio Constitution, and in the Fifth Amendment to the United States Constitution, applied to the states through theFourteenth Amendment to the United States Constitution prohibit multiple punishments for the same offense. Although not addressing the issue of double jeopardy directly, the Ohio Supreme Court in Cook,supra, concluded that the sexual predator act is not punitive in nature but, rather, has a nonpunitive or regulatory purpose and effect. Consequently, the protections afforded against double jeopardy in either the Ohio or United States Constitutions are not implicated. Accordingly, Appellant's Third Assignment of error is without merit.
Assignment of Error Number Four
 R.C. Chapter 2950, as amended by H.B. 180, provides no guidance as to how the factors in R.C. 2950.09(B)(2) are to be considered and weighed, rendering the law vague, in violation of the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution.
A statute is unconstitutionally vague if "men of common intelligence must necessarily guess at its meaning and differ as to its application." Connelly v. General Construction Co.
(1926), 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322. A statute is not unconstitutionally vague if it "(1) provides sufficient notice of its proscriptions, and (2) contains reasonably clear guidelines to prevent official arbitrariness or discrimination in its enforcement." Perez v. Cleveland (1997), 78 Ohio St.3d 376,378, 678 N.E.2d 537. The void-for-vagueness doctrine does not require that a statute be drafted with scientific precision, or that every detail regarding its procedural enforcement be contained therein. Instead, the doctrine permits a statute's certainty to be ascertained by application of commonly accepted tools of judicial construction, with courts indulging every reasonable interpretation in favor of finding the statute constitutional. Id. at 378-379, 678 N.E.2d 537 (citations omitted).
In State v. Avery (1998), 126 Ohio App.3d 36 and State v. James(Dec. 8, 1999), Hardin App. No. 6-99-5, unreported, this Courtrejected vagueness challenges to the factors set forth in R.C.§ 2925.0, similar to the one being raised in the case before us.We are compelled to follow the reasoning of our previousdecisions. Accordingly, Appellant's Fourth Assignment of Error iswithout merit.
Assignment of Error Number Five
 The trial court erred, in violation of Section 1, Article I of the Ohio Constitution, in finding Defendant-Appellant to be a sexual predator, because Ohio's sexual predator law is an invalid exercise of the police power and deprives individuals of their inalienable and natural-law rights.
 This Court has addressed this very issue on numerous occasions.See, e.g., State v. Fisher (Sept. 2, 1999), Allen App. No.1-99-23, unreported; State v. Marker (Sept. 1, 1999), Seneca App.No. 13-99-05, unreported; State v. Joyce (Sept. 2, 1999), AllenApp. No. 1-99-31, unreported; State v. Simms (Sept 12, 1999),Allen App. No. 1-99-38, unreported; State v. Conley (Sept 29,1999), Allen App. No. 1-99-39, unreported; State v. Bradley (Oct.13, 1999), Logan App. No. 8-99-07, unreported; State v. Kinkle(Oct. 28, 1999), Allen App. No. 1-99-55, unreported; State v.Roeder (Oct. 21, 1999), Allen App. No. 1-99-43, unreported; Statev. Bowers (Oct. 20, 1999), Auglaize App. No. 2-99-17, unreported;State v. Anderson (Nov. 9, 1999), Auglaize App. No. 2-99-15,unreported; State v. Gallaspie (Oct. 21, 1999), Allen App. No.1-99-51, unreported; and State v. Webb (Sept. 2, 1999), Allen App.No. 1-99-37, unreported. We have repeatedly upheld theconstitutionality of R.C. Chapter 2950 by finding that the statuteconstitutes a valid use of the state's police power and it is notan unreasonable or arbitrary infringement upon privacy rights, noris it unduly oppressive or burdensome. We are again compelled tofollow the reasoning of our previous decisions. Accordingly,Appellant's Fifth Assignment of Error is without merit.
Assignment of Error Number Six
 The evidence adduced at trial by the State of Ohio failed to prove, by clear and convincing evidence, that the Appellant is likely to engage in the future in one or more sexually oriented offenses thus rendering the Court's decision against the manifest weight of the evidence.
 Appellant asserts in his sixth assignment of error that thetrial court erred in finding that he is a sexual predator.Specifically, Appellant maintains that the trial court's decisionthat he is likely to engage in the future in one or more sexuallyoriented offenses is not supported by sufficient evidence.[1]
We first note that R.C. § 2950.01(E) defines the term "sexual predator" as follows:
 A person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
 R.C. § 2950.09(B)(2) sets forth the factors that a trial courtshould consider when deciding an offender's status as a sexualpredator:
 In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 (a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense * * *;
 (d) Whether the sexually oriented offense * * * involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. § 2950.09(C)(2) states that after reviewing all testimony, evidence, and the factors listed in R.C. § 2950.09(B)(2), the court "shall determine by clear and convincing evidence whether the offender is a sexual predator." Thus, there must be sufficient evidence, as a matter of law, for the trial court to find by clear and convincing evidence that Appellant is a sexual predator. The standard of clear and convincing evidence is as follows:
 [T]hat measure or degree of proof which is more than a mere `preponderance of the evidence', but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.
State v. Schiebel (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54,citing Cross v. Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118. In reviewing the trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. Id.
Again, R.C. § 2950.01(E) defines a sexual predator as "a personwho has been convicted of or pleaded guilty to committing asexually oriented offense and is likely to engage in the future inone or more sexually oriented offenses." In the instant matter,Appellant pleaded guilty to and was convicted on one count ofRape, a violation of R.C. §§ 2907.02(A)(1)(b). The offense forwhich Appellant was convicted qualifies as a "sexually orientedoffense" under R.C. § 2950.01(D)(1). Thus, we need only determinewhether there is sufficient evidence to show, by the requisiteclear and convincing standard, that Appellant is likely to engagein these types of offenses in the future.
At the outset, we note that the allegations underlying the original indictment were that Appellant touched the genitals of a seven year old female victim, his daughter, and that he climbed on top of his daughter and rubbed his exposed genitals in an up and down motion against hers. Further, the indictment was based on allegations that on separate occasions Appellant fondled the genitals of a nine year old female victim, Charity Ann Kanorr, an eight year old female victim, Jennifer Velma Kanorr, and a fourth female juvenile victim, Angel Beougher.
In the case before us, after reviewing all the testimony,evidence, and the factors listed in R.C. § 2950.09(B)(2), the trialcourt found by clear and convincing evidence that Appellant islikely to engage in the future in one or more sexually orientedoffenses. In so finding, the trial court placed great emphasis onthe factors listed in R.C. § 2950.09(B)(2), which weigh heavily infavor of a finding of sexual predator status.
The following facts support the trial court's determination: The Postsentence Investigation Report indicates that within a relatively short period of time Appellant had four victims all under the age of thirteen. Appellant has failed to receive any type of sexual offender treatment. Finally, Appellant continues to deny the extent of his involvement with his daughter and the other victims and he is unable to explain why he was particularly sexually attracted to his seven-year-old daughter.
Pursuant to the above facts, we hold that the trial court hadsufficient evidence before it from which to find by clear andconvincing evidence that Appellant is likely to engage in thefuture in one or more sexually oriented offenses. Consequently,we cannot find that the evidence was insufficient as a matter oflaw to support the trial court's determination that Appellant is asexual predator.
Accordingly, Appellant's Sixth assignment of error is not well taken and is overruled.
Having found no error prejudicial to Appellant herein, in theparticulars assigned and argued, we affirm the judgment of thetrial court.
 Judgment affirmed.
SHAW and WALTERS, JJ., concur.
[1] Although Appellant's assignment of error appears to assert a manifest weight of the evidence claim, in his brief Appellant argues that the finding of the trial court was against the sufficiency of the evidence. Thus, to the extent the distinction is significant within this context, we will address Appellant's argument under a sufficiency of the evidence standard.