OPINION
Defendant-Appellant, Fergus Leppla, appeals from the decision of the Auglaize County Court of Common Pleas adjudicating him to be a sexual predator pursuant to R.C. Chapter 2950.
In September 1991 Appellant was indicted by the Auglaize County Grand Jury on two counts of Rape with specifications, violations of R.C. § 2907.02(A)(2) and aggravated felonies of the first degree, one count of Rape with specifications, a violation of R.C. § 2907.02(A)(1)(b) and an aggravated felony of the first degree, three counts of Sexual Battery, violations of R.C. § 2907.03(A)(5) and felonies of the third degree, and one count of Gross Sexual Imposition, a violation of R.C. § 2907.05(A)(4) and a felony of the third degree.
On February 19, 1992 a Negotiated Plea Agreement was filed wherein Appellant withdrew his original Not Guilty Pleas and entered Guilty Pleas to the indicted charge of one count of Rape, a violation of R.C. § 2907.02(A)(2), and the Bill of Information charging one count of Sexual Battery, a violation of R.C. § 2907.03(A)(5). Appellant was thereafter convicted of the charges and on February 20, 1991 sentenced to an indefinite term of not less than ten (10) nor more than twenty-five (25) years on the Rape charge and not less than four (4) nor more than ten (10) years on the Sexual Battery charge, to be served consecutively in the Ohio Department of Rehabilitation and Corrections.
Appellant was thereafter identified by the Ohio Department of Rehabilitation and Corrections as being potentially subject to adjudication as a sexual predator pursuant to R.C. Chapter 2950. A hearing was held on October 8, 1999, wherein the court determined that Appellant was a sexually oriented offender, was likely to commit one or more such offenses in the future, and Appellant was therefore adjudicated a sexual predator. It is from this adjudication that Appellant now appeals, prosecuting six assignments of error.
Assignment of Error Number One
 The Trial Court erred, in violation of the Ex Post Facto Clause of the United States Constitution, in finding Defendant-Appellant to be a sexual predator.
In State v. Cook (1998), 83 Ohio State.3d 404, the Supreme Court of Ohio addressed this precise issue. In upholding the constitutionality of R.C. Chapter 2950, the Supreme Court found that the registration and notification provisions set forth in R.C. § 2950.09(B)(1), as applied to conduct occurring prior to the effective date of the statute, do not violate the Ex Post Facto Clause of the United States Constitution or the Retroactivity Clause of the Ohio Constitution. Id. at paragraphs one and two of the syllabus. This Court has consistently followed this Supreme Court precedent, see, e.g., State v. Lacey (Sept. 29, 1999), Union App. No. 14-99-10, 14-99-11, unreported; State v. Fontes (Nov. 11, 1998), Union App. No. 14-97-45, unreported; State v. Cady (Nov. 5, 1998), Crawford App. No. 3-98-14, unreported; thus the trial court did not err in applying R.C. Chapter 2950 to Appellant. On this authority, Appellant's First Assignment of error is overruled.
Assignment of Error Number Two
 The trial court erred, in violation of the Cruel and Unusual Punishment Clauses of the Eighth Amendment to the United States Constitution and Section 9, Article 1 of the Ohio Constitution, in finding Defendant-Appellant to be a sexual predator.
The Eighth Amendment to the United States Constitution and Section 9, Article I of the Ohio Constitution prohibit the imposition of cruel and unusual punishment. The Ohio Supreme Court, in Cook, 83 Ohio St.3d at 423, concluded that the registration and notification provisions of R.C. Chapter 2950 are not punishment or punitive in nature but, rather, are remedial measures designed to ensure the public safety. Thus, the protections against cruel and unusual punishments are not implicated. Accordingly, Appellant's Second Assignment of error is without merit.
Assignment of Error Number Three
 The trial court erred, in violation of the Double Jeopardy Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 10, Article 1 of the Ohio Constitution, in finding Defendant-Appellant to be a sexual predator.
The Double Jeopardy Clause contained in Section 10, Article I
of the Ohio Constitution, and in the Fifth Amendment to the United States Constitution, applied to the states through theFourteenth Amendment to the United States Constitution prohibit multiple punishments for the same offense. Although not addressing the issue of double jeopardy directly, the Ohio Supreme Court in Cook,supra, concluded that the sexual predator act is not punitive in nature but, rather, has a nonpunitive or regulatory purpose and effect. Consequently, the protections afforded against double jeopardy in either the Ohio or United States Constitutions are not implicated. Accordingly, Appellant's Third Assignment of error is without merit.
Assignment of Error Number Four
 R.C. Chapter 2950, as amended by H.B. 180, provides no guidance as to how the factors in R.C. 2950.09(B)(2) are to be considered and weighed, rendering the law vague, in violation of the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution.
 A statute is unconstitutionally vague if "men of commonintelligence must necessarily guess at its meaning and differ asto its application." Connelly v. General Construction Co.(1926), 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322. A statuteis not unconstitutionally vague if it "(1) provides sufficientnotice of its proscriptions, and (2) contains reasonably clearguidelines to prevent official arbitrariness or discrimination inits enforcement." Perez v. Cleveland (1997), 78 Ohio St.3d 376,378, 678 N.E.2d 537. The void-for-vagueness doctrine does notrequire that a statute be drafted with scientific precision, orthat every detail regarding its procedural enforcement becontained therein. Instead, the doctrine permits a statute'scertainty to be ascertained by application of commonly acceptedtools of judicial construction, with courts indulging everyreasonable interpretation in favor of finding the statuteconstitutional. Id. at 378-379, 678 N.E.2d 537 (citationsomitted).
In State v. Avery (1998), 126 Ohio App.3d 36 and State v. James
(Dec. 8, 1999), Hardin App. No. 6-99-5, unreported, this Court rejected vagueness challenges to the factors set forth in R.C. § 2925.0, similar to the one being raised in the case before us. We are compelled to follow the reasoning of our previous decisions. Accordingly, Appellant's Fourth Assignment of Error is without merit.
Assignment of Error Number Five
 The trial court erred, in violation of Section 1, Article I of the Ohio Constitution, in finding Defendant-Appellant to be a sexual predator, because Ohio's sexual predator law is an invalid exercise of the police power and deprives individuals of their inalienable and natural-law rights.
This Court has addressed this very issue on numerous occasions. See, e.g., State v. Fisher (Sept. 2, 1999), Allen App. No. 1-99-23, unreported; State v. Marker (Sept. 1, 1999), Seneca App. No. 13-99-05, unreported; State v. Joyce (Sept. 2, 1999), Allen App. No. 1-99-31, unreported; State v. Simms (Sept 12, 1999), Allen App. No. 1-99-38, unreported; State v. Conley (Sept 29, 1999), Allen App. No. 1-99-39, unreported; State v. Bradley (Oct. 13, 1999), Logan App. No. 8-99-07, unreported; State v. Kinkle
(Oct. 28, 1999), Allen App. No. 1-99-55, unreported; State v.Roeder (Oct. 21, 1999), Allen App. No. 1-99-43, unreported; Statev. Bowers (Oct. 20, 1999), Auglaize App. No. 2-99-17, unreported;State v. Anderson (Nov. 9, 1999), Auglaize App. No. 2-99-15, unreported; State v. Gallaspie (Oct. 21, 1999), Allen App. No. 1-99-51, unreported; and State v. Webb (Sept. 2, 1999), Allen App. No. 1-99-37, unreported. We have repeatedly upheld the constitutionality of R.C. Chapter 2950 by finding that the statute constitutes a valid use of the state's police power and it is not an unreasonable or arbitrary infringement upon privacy rights, nor is it unduly oppressive or burdensome. We are again compelled to follow the reasoning of our previous decisions. Accordingly, Appellant's Fifth Assignment of Error is without merit.
Assignment of Error Number Six
 The evidence adduced at trial by the State of Ohio failed to prove, by clear and convincing evidence, that Defendant-Appellant is likely to engage in the future in one or more sexually oriented offenses thus rendering the Court's decision against the manifest weight of the evidence.
Appellant asserts in his sixth assignment of error that the trial court erred in finding that he is a sexual predator. Specifically, Appellant maintains that the trial court's decision that he is likely to engage in the future in one or more sexually oriented offenses is not supported by sufficient evidence.[1]
 We first note that R.C. § 2950.01(E) defines the term "sexualpredator" as follows:
 A person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
R.C. § 2950.09(B)(2) sets forth the factors that a trial court should consider when deciding an offender's status as a sexual predator:
 In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense * * *;
 (d) Whether the sexually oriented offense * * * involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
 R.C. § 2950.09(C)(2) states that after reviewing all testimony,evidence, and the factors listed in R.C. § 2950.09(B)(2), the court"shall determine by clear and convincing evidence whether theoffender is a sexual predator." Thus, there must be sufficientevidence, as a matter of law, for the trial court to find by clearand convincing evidence that Appellant is a sexual predator. Thestandard of clear and convincing evidence is as follows:
 [T]hat measure or degree of proof which is more than a mere `preponderance of the evidence', but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.
State v. Schiebel (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54,citing Cross v. Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118. In reviewing the trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. Id.
Again, R.C. § 2950.01(E) defines a sexual predator as "a personwho has been convicted of or pleaded guilty to committing asexually oriented offense and is likely to engage in the future inone or more sexually oriented offenses." In the instant matter,Appellant plead guilty to and was convicted on one count of Rape,a violation of R.C. § 2907.02(A)(2), and one count of SexualBattery, a violation of R.C. § 2907.03(A)(5). The offenses forwhich Appellant was convicted qualify as a "sexually orientedoffenses" under R.C. § 2950.01. Thus, we need only determinewhether there is sufficient evidence to show, by the requisiteclear and convincing standard, that Appellant is likely to engagein these types of offenses in the future.
In the case before us, after reviewing all the testimony, evidence, and the factors listed in R.C. § 2950.09(B)(2), the trial court found by clear and convincing evidence that Appellant is likely to engage in the future in one or more sexually oriented offenses. In so finding, the trial court placed great emphasis on the factors listed in R.C. § 2950.09(B)(2), which weigh heavily in favor of a finding of sexual predator status.
The following facts support the trial court's determination: In1986, Appellant was convicted of sexually assaulting hisstepdaughter, Julie (or "Julia") Byrd, who was age 10.Molestation of Julie by Appellant began when Julie was age 7. Atthe time of the 1986 conviction, Appellant also allegedly sexuallyassaulted two nieces, Dawn Harrod, age 15, and Tammy Harrod, age14. The assaults of his nieces allegedly occurred when the girlswere 10 and 5 years old respectively. After serving approximately1 and 1/2 months in prison for the 1986 conviction, Appellant wasgranted "shock" probation for three years.
Following his release, Appellant again began sexually assaulting his stepdaughter, Julie, then age 15. Appellant was aware that Julie had been previously molested by her biological father. There is some indication that the renewed molestation began as early as March 1987, three months after Appellant was released on "shock" probation. The various molestation episodes involved fondling, cunnilingus, digital penetration, and anal intercourse, resulting in Appellant ejaculating on most occasions. Appellant also attempted to engage in vaginal intercourse with Julie, apparently telling Julie that he wanted her "cherry" and would be "gentle and slow."
Sometime between 1986 and 1991, Appellant also began molestinghis juvenile stepson, Tim Byrd. Appellant was aware that Tim hadbeen previously molested by his biological father. During theapproximately 30 molestation episodes between Appellant and Tim,Appellant would engage in oral and anal sex with Tim, resulting inAppellant ejaculating on most occasions. There is evidenceindicating that Appellant threatened Tim by telling him that if hedid not engage in the sexual episodes then Tim would be spanked orforced to have sex with his mother.
Finally, sometime between 1986 and 1991, Appellant also began molesting his biological, juvenile daughter, Alisia Leppla. The various molestation episodes between Appellant and Alisia allegedly involved cunnilingus, vaginal and anal intercourse, and on at least one occasion Appellant inserted a "balloon" inside her vaginal area with his finger. Alisia reportedly cried during the various alleged molestation episodes.
The evidence indicates that some of the above molestationepisodes occurred while Appellant was on "shock" probation andundergoing counseling for his previous sexually orientedconviction. These episodes occurred over a period ofapproximately 8 years, beginning in 1983 when Julie wasapproximately 7 years old and ending in 1991 when Appellant wasarrested. During this 8 year period, Appellant is alleged to havehad incestuous sexual contact with at least 5 children ranging inage from 5 to 15.
The record also indicates that while in prison Appellant has, among other things, completed a sexual offender program, received a bachelor's degree, and studied religion. During his incarceration, Appellant has received various certificates of achievement related to his personal edification. The record also indicates that to some extent Appellant acknowledges the impropriety and extent of his prior actions and understands the tremendous pain and suffering he has caused his various victims and other family members.
While we recognize that Appellant has endeavored to betterhimself during his incarceration, pursuant to the above facts, wehold that the trial court had sufficient evidence before it fromwhich to find by clear and convincing evidence that Appellant islikely to engage in the future in one or more sexually orientedoffenses. Consequently, we cannot find that the evidence wasinsufficient as a matter of law to support the trial court'sdetermination that Appellant is a sexual predator.
Accordingly, Appellant's Sixth assignment of error is not well taken and is overruled.
Having found no error prejudicial to Appellant herein, in theparticulars assigned and argued, we affirm the judgment of thetrial court.
 Judgment affirmed.
 ______________________________ BRYANT, PRESIDING JUDGE
HADLEY, P.J., and SHAW, J., concur.
[1] Although Appellant's assignment of error appears to assert a manifest weight of the evidence claim, in his brief Appellant argues that the finding of the trial court was against the sufficiency of the evidence. Thus, to the extent the distinction is significant within this context, we will address Appellant's argument under a sufficiency of the evidence standard.