OPINION
Defendant-appellant Derrick Barnes appeals his conviction and sentence on one count of loitering in aid of drug offenses, in violation of Canton Codified Ordinance 513.20, entered by the Canton Municipal Court, following the trial court's finding appellant guilty based upon his no contest plea. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE[1]
On March 8, 2001, appellant was arrested and charged with loitering in aid of drug offenses, a fourth degree misdemeanor. Appellant subsequently filed a motion to dismiss because the arresting officer lacked probable cause; C.C.O. 513.20 is void for vagueness; and the ordinance is unconstitutionally overbroad. Via Judgment Entry filed April 11, 2001, the trial court overruled appellant's motion on the authority of Statev. Smith.[2] After the ruling, appellant requested an evidentiary hearing on his probable cause argument. The trial court denied appellant's request.
On May 3, 2001, appellant appeared before the trial court and entered a plea of no contest to the charge. The trial court sentenced appellant to thirty days in jail. The trial court also imposed a fine of $250, plus court costs. The trial court suspended all except five days of the jail time and waived the fine on the condition appellant complete twenty-five hours of supervised community service by June 4, 2001. Appellant was credited with five days served. The trial court memorialized appellant's conviction and sentence via Judgment Entry filed May 3, 2001.
It is from the trial court's denial of his motion to dismiss appellant appeals, raising the following assignments of error:
 THE TRIAL COURT'S FAILURE TO DISMISS THE CHARGE OF LOITERING IN AID OF DRUG OFFENSES AS UNCONSTITUTIONALLY VAGUE WAS AN ERROR OF LAW.
 THE TRIAL COURT'S FAILURE TO DISMISS THE CHARGE OF LOITERING IN AID OF DRUG OFFENSES AS UNCONDITIONALLY OVERBROAD WAS AN ERROR OF LAW.
 I
In his first assignment of error, appellant challenges C.C.O. 513.20 as unconstitutionally vague.
C.C.O. 513.20 provides, in pertinent part:
 (a) No person, with purpose to commit or aid in the commission of a drug abuse offense, shall loiter in any public place, and do any of the following:
 (1) Repeatedly beckon, stop, attempt to stop, or engage passers-by or pedestrians in conversation; or
 (2) Repeatedly stop or attempt to stop motor vehicles; or
 (3) Repeatedly interfere with the free passage of other persons.
* * *
 (f) In making a determination that a person is loitering or remaining about any public place for the purpose of engaging in prohibited drug related activity, the totality of the circumstances involved shall be considered. Among the circumstances which may be considered in determining whether such purpose is manifested are:
 (1) The person has been convicted or been found delinquent for a drug abuse offense within the three years preceding the arrest;
 (2) The person is loitering and directing pedestrians or motorists through words, hailing, waiving of arms, pointing, signaling [sic] or other bodily gesture, to a person or premises where controlled substances are possessed or sold;
 (3) The person is loitering and has an electronic device, walkie-talkie or beeper within 100 yards of a person or premises where controlled substances are possessed or sold;
 (4) The person being observed is engaging in any of the following: the observable distribution of small packages to other persons, the receipt of currency for the exchange of a small package, operating as a "lookout", warning others of the arrival of police, fleeing without other apparent reason upon the appearance of a police officer, concealing himself or herself or any object which reasonably may be connected to unlawful drug-related activity, or engaging in any other conduct normally associated by law enforcement agencies with the illegal distribution or possession of drugs;
 (5) Information from a reliable source indicating that the person being observed routinely distributes or is currently engaging in illegal drug-related activity;
 (6) Such person is physically identified by a police officer as a member of a "gang" or association which engages in illegal drug activity;
 (7) Such person is a known unlawful drug user, possessor or seller. A "known unlawful drug user, possessor or seller" is a person who has the knowledge of the arresting officer, been convicted in any a drug abuse offense; or a person who displays physical characteristics of drug intoxication or usage, such as dilated pupils, glassy eves needle tracks"; or a person who possesses drug paraphernalia;
 (8) Any vehicle involved in the observed circumstances is registered known unlawful drug user, possessor or seller, or a person for whom is an outstanding arrest warrant for crime involving drug-related activities;
 (9) Such person is present in a notorious drug trafficking location or where a disproportionately high occurrence of illegal drug activity or violence crimes related thereto have occurred.
"[I]f it is reasonably possible, validly enacted legislation must be construed in a manner `which will avoid rather than * * * raise serious questions as to its constitutionality'."[3] When an ordinance is challenged as unconstitutionally vague, the reviewing court must determine "whether the enactment (1) provides sufficient notice of its proscriptions and (2) contains reasonably clear guidelines to prevent official arbitrariness or discrimination in its enforcement."[4] In order to establish a statute is unconstitutionally vague, the challenging party must show the statute either "forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application."[5]
Appellant relies upon Akron v. Rowland[6] and Cleveland v.Stephens.[7] In Rowland, the Ohio Supreme Court addressed the constitutionality of Akron Codified Ordinance 138.26, which prohibit loitering in a manner and under circumstances manifesting a purpose to engage in drug-related activity. A.C.O. 138.26 reads:
 (A) No person shall loiter in or near any thoroughfare, place open to the public, or near any public or private place in a manner and under circumstances manifesting the purpose to engage in drug-related activity contrary to any of the provisions of R.C. Chapter 2925.
 (B) Among the circumstances which may be considered in determining whether such purpose is manifested are:
 (1) Such person is a known unlawful drug user, possessor, or seller. * * *
 (2) Such person is currently subject to a court order prohibiting his presence in a high drug activity geographic area;
 (3) Such person behaves in such a manner as to raise a reasonable suspicion that he is about to engage in or is then engaged in an unlawful drug-related activity, including, by way of example only, such person acting as a lookout or hailing or stopping cars;
 (4) Such person is physically identified by the officer as a member of a gang or association which has as its purpose illegal drug activity;
 (5) Such person transfers small objects or packages in a furtive fashion;
 (6) Such person takes flight or manifestly endeavors to conceal himself upon the appearance of a police officer;
 (7) Such person manifestly endeavors to conceal any object which reasonably could be involved in an unlawful drug-related activity;
 (8) Such person possesses any instrument, article, or thing whose customary or primary purpose is for the sale, administration, or use of controlled [substances] * * *
 (9) The area involved is by public repute known to be an area of unlawful drug use and trafficking;
 (10) The premises involved are known to the defendant to have been reported to law enforcement as a place of drug activity pursuant to R.C. Chapter 2925;
 (11) Any vehicle involved is registered to a known unlawful drug user, possessor, or seller, or a person for whom there is an outstanding warrant for a crime involving drug-related activity.
The Ninth District Court of Appeals, affirming the Akron Municipal Court's determination the A.C.O. 138.26(B) was constitutional, read into the ordinance a specific intent element.[8] The Supreme Court found, "[t]he lower courts did more than interpret the ordinance to survive constitutional scrutiny; they rewrote it in such a way as to fundamentally change its meaning."[9] The Rowland Court proceeded to analyze whether the Akron ordinance, as written, was either unconstitutionally vague or overbroad.[10]
The Rowland Court found the ordinance could be interpreted in one of two ways. The first interpretation was "to read the enumerated circumstances [in A.C.O. 138.26(B)] as mere examples of the `circumstances' that can `manifest' a drug-related activity."[11] The Court concluded, "If the circumstances enumerated in A.C.O. 138.26(B) did not form a sufficient basis for an arrest or conviction, the ordinance is unconstitutionally vague because it gives neither reasonable notice to citizens to what is prohibited nor reasonable standards for those charged with its enforcement."[12]
Shortly after the Rowland decision, the Eighth District Court of Appeals in Cleveland v. Stephens[13] analyzed the constitutionality of Cleveland Codified Ordinance 607.19, which prohibits drug loitering. The Cleveland ordinance, which is virtually identical to the ordinance at issue herein, reads:
 (a) No person shall loiter on or about any street, in or about any place open to the public, or in or about any public or private place for the purpose of engaging in drug-related activity * * *
 Among the circumstances which may be considered in determining whether such loitering is for the purpose of engaging in drug-related activity are:
 (1) Such person repeatedly stops, beckons to, attempts to stop, engages passerby in conversation or repeatedly stops or attempts to stop motor vehicles by hailing, waving arms or making other bodily gestures, or acts as a look-out, or transfers small objects or packages for currency or any other thing of value in a furtive fashion which would lead law enforcement officers to believe or ascertain that a drug sale has or is about to occur, and such person:
 A. Is a known unlawful drug user, possessor or seller; or
 B. Displays the physical characteristics of drug intoxication or usage, including dilated pupils, glassy eyes, slurred speech, loss of coordination or motor skills, needle tracks; or
 C. Is identified by a law enforcement officer as a member of a gang or association which has as its principal purpose illegal drug activity; and
 (2) A law enforcement officer has previously given a verbal or written warning to such person to leave the area within a reasonable time prior to any arrest, within one block of the area where the arrest occurred.
After analyzing the Rowland decision, the Eighth District found the Cleveland ordinance at issue sufficiently demonstrated the element of specific intent. The court thereafter analyzed "whether the circumstances enumerated in C.C.O. 607.19 pertaining to what conduct amounts to loitering for purpose of engaging in drug-related activity suffer from the same constitutional deficiencies as A.C.O. 138.26."[14] The court continued:
 C.C.O. 607.19 contains the words, "among the circumstances which may be considered in determining whether such loitering is for the purpose of engaging in drug-related activity." Similar language was contained in A.C.O. 138.26, and was the basis for the Supreme Court's conclusion that the ordinance failed to provide sufficient notice as to what conduct would support a charge of loitering. The court stated:
 "The word `among' indicates that there are other circumstances, not specified in the ordinance, which may be used to form the basis of an arrest and conviction. It is, of course, unlawful for a citizen to be convicted of a criminal offense not defined by a legislative enactment. We find this lack of specificity to be fatal to the ordinance. * * *" (Footnote omitted).[15]
The Stephens Court concluded:
 We [like the Rowland Court] find that the lack of specificity, i.e., notice of suspected conduct, in C.C.O. 607.19 is fatal to the ordinance. Even though the ordinance contains a specific intent requirement, this requirement, i.e., the purpose of engaging in drug-related activity, is explicitly connected to the "among the circumstances" language. Consequently, just because there is a specific intent requirement, the requirement can be proven by conduct not expressly contained in the ordinance. The citizens of Cleveland thus are without any guidance as to what conduct may be deemed illegal under it and, accordingly, the ordinance allows for an unduly open-ended interpretation.[16]
The ordinance at issue herein contains a specific intent requirement as well as "among the circumstances and language." We find, like our brethren in the Eighth District, the specific intent requirement "is explicitly connected to the `among the circumstance' language."[17]
Proof of specific intent is not limited to the circumstances expressly contained in the ordinance; therefore, the citizens of Canton "are without any guidance as to what conduct may deemed illegal."[18]
Accordingly, we find the ordinance is unconstitutionally vague.
Appellant's first assignment of error is sustained.
 II
In his second assignment of error, appellant challenges the ordinance as unconstitutionally overbroad.
"The doctrines of vagueness and overbreadth are not always distinguishable and often overlap."[19] In differentiating the doctrines of vagueness and overbreadth, the Ohio Supreme Court, quoting the United States Supreme Court, has stated: "`[i]t is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined,' whereas, `[a] clear and precise enactment may nevertheless be overbroad, if in its reach it prohibits constitutionally protected conduct'."[20] When faced with a challenge to the constitutionality of a statute based upon overbreadth, the court must decide "whether the ordinance sweeps within its prohibitions what may not be punished under the First and Fourteen Amendments."[21]
In order to demonstrate facial overbreadth, the party challenging the enactment must show its potential application reaches a significant amount of protected activity.[22] Nevertheless, criminal statutes "that make unlawful a substantial amount of constitutionally protected conduct may be held facially invalid even if they also have legitimate application."[23] A statute is substantially overbroad if it is "susceptible of regular application to protected expression."[24]
Like the Supreme Court in Rowland, we find the application of the circumstances set forth in C.C.O. 513.20(f), "[reach] a significant amount of protected activity." The circumstances set forth in C.C.O. 513.20(f) from which a purpose to commit or aid in the commission of a drug abuse offense may be determined, describe status or conduct which can be innocent and may be protected under the Constitution. Among the circumstances which may be considered in determining whether such purpose is manifested are: "the person has been convicted or found delinquent for a drug abuse offense * * * (Subsection [f][1]); such person is physically identified by a police officer as a member of a "gang" or association which engages in a legal drug activity (Subsection [f][6]); such person is present in a notorious drug trafficking location or where a disproportionately high occurrence of illegal drug activity or violence crimes related thereto have occurred (Subsection [f][9])."
"These circumstances, and others in the ordinance, can easily implicate a person's status, associates, mere presence, or otherwise innocent behavior.[25] "We feel that they encroach on a `substantial amount of constitutionally protected conduct'."[26] Because C.C.O. 513.20 "sweeps within the prohibitions of the ordinance many things that may not be constitutionally punished under the first and fourteenth amendments,"[27] we find the ordinance is unconstitutionally overbroad.
The trial court overruled appellant's motion to dismiss in toto on the authority of this Court's decision in State v. Smith.[28] We findSmith to be distinguishable from the instant action. The appellant inSmith challenged the constitutionality of R.C. 2907.241, which provides:
 (A) No person, with purpose to solicit another to engage in sexual activity for hire and while in or near a public place, shall do any of the following:
(1) Beckon to, stop, or attempt to stop another;
 (2) Engage or attempt to engage another in conversation;
 (3) Stop or attempt to stop the operator of a vehicle or approach a stationary vehicle;
 (4) If the offender is the operator of or a passenger in a vehicle, stop, attempt to stop, beckon to, attempt to beckon to, or entice another to approach or enter the vehicle of which the offender is the operator or in which the offender is the passenger;
(5) Interfere with the free passage of another.
This Court recognized beckoning, conversing, and approaching a vehicle are all constitutionally protected activities. However, the Smith Court found the statute did not prohibit these activities "unless the person does such acts for the specific purpose of soliciting others to engage in prostitution."[29] This Court concluded the statute was neither unconstitutionally overbroad nor impermissibly vague.[30]
The Smith Court proceeded to analyze City of Canton v. Brown[31], in which this Court found C.C.O. 533.16, loitering for the purposes of prostitution, was unconstitutionally overbroad and impermissibly vague. Like the ordinance at issue herein, the ordinance at issue in Brown
included a list of circumstances which could be considered in determining whether purpose was manifested. The Brown Court held the statute caught in its net both the innocent and the guilty. Such a list of circumstances is noticeably absent from the statute at issue in Smith; therefore, an offender's specific intent could not be inferred from his engaging in constitutionally protected activity. However, the "among the circumstances" language found in C.C.O. 513.20 permits an offender's specific intent to be inferred from his engaging in constitutionally protected activities. Because of this substantive difference, we find the trial court's reliance on Smith was misplaced.
Appellant's second assignment of error is sustained.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court is reversed and the matter remanded for further proceedings consistent with law and this opinion. Costs assessed to appellee.
Hon. W. Scott Gwin, P.J. Hon. William B. Hoffman, J. Hon. Sheila G. Farmer, J. concur.
[1] A recitation of the facts giving rise to the charge brought against appellant is unnecessary for analysis and disposition of appellant's assignments of error.
[2] State v. Smith (Sept. 22, 1997), Stark App. No. 1997CA00138, unreported.
[3] Akron v. Rowland (1993), 67 Ohio St.3d 374, 380.
[4] Perez v. Cleveland (1997), 78 Ohio St.3d 376, 378.
[5] Rowland, 67 Ohio St.3d at 383 (Citation omitted). See, also, Statev. Anderson (1991), 57 Ohio St.3d 168, 171.
[6] Id.
[7] Cleveland v. Stephens (1994), 93 Ohio App.3d 827.
[8] Id. at 380.
[9] Id.
[10] We shall address the Supreme Court's overbreadth analysis,infra.
[11] Id. at 381.
[12] Id. at 382.
[13] Supra.
[14] Id. at 833.
[15] Id. (Citation omitted).
[16] Id.
[17] Id.
[18] Id.
[19] State v. Young (1980), 62 Ohio St.2d 370, 385.
[20] Id. (Citation omitted).
[21] Akron v. Rowland, supra at 387 (Citation omitted).
[22] Id.
[23] Id. (Citation omitted).
[24] Id. (Citations omitted).
[25] Id. (Citation omitted).
[26] Id. (Citation omitted).
[27] Id. at 388.
[28] State v. Smith (Sept. 22, 1997), Stark App. No. 1997CA00138, unreported.
[29] Id.
[30] Id.
[31] City of Canton v. Brown (July 6, 1989), Stark App. No. CA7422, unreported.