DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Steven Bozsik, appeals from the judgment of the Medina County Court of Common Pleas, which dismissed his complaint. This Court affirms.
 I. {¶ 2} Appellant was convicted of aggravated murder in the death of his wife. This Court affirmed appellant's conviction.State v. Bozsik, 9th Dist. No. 3091-M, 2001-Ohio-7011. On July 29, 2003, in reliance on the provisions of R.C.313.19, appellant filed a complaint for declaratory judgment in the Medina County Court of Common Pleas, requesting an order changing his wife's time of death on the death certificate and declaring that the decedent's death occurred at 9:30 a.m., instead of 9:00 a.m. Appellant named appellee, the Medina County coroner, as the defendant in the declaratory judgment action.
 {¶ 3} On August 18, 2003, after appellee was served with the complaint, but before appellee filed his answer, the trial court dismissed appellant's complaint without hearing, pursuant to R.C.2969.24(C). The trial court premised its sua sponte dismissal on the grounds that the basis for appellant's civil action was frivolous and malicious. Appellant timely appealed, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"The trial court erred and prejudiced appellant when it failed to recognize the validity of appellant's entitlement for a declaratory judgment."
 {¶ 4} In his sole assignment of error, appellant argues that the trial court erred in sua sponte dismissing his complaint without according the parties notice of its intention and an opportunity to respond. Appellant further argues that the trial court failed to provide proper notice of its judgment pursuant to Civ.R. 58(B). In addition, appellant argues that his declaratory judgment action constituted a proper challenge to the coroner's findings pursuant to R.C. 313.19. Therefore, appellant argues that the trial court erred by failing to declare the rights and legal relations of the parties' substantial rights or to conduct a hearing prior to entering judgment.[1] This Court disagrees.
 {¶ 5} In his arguments on appeal, appellant fails to address R.C. 2969.24, the statute underlying the trial court's dismissal of appellant's declaratory judgment complaint. Instead, he argues that the trial court erred in its failure to apply the substantive and procedural considerations of R.C. 313.19.
 {¶ 6} Appellee argues persuasively that the trial court could not consider the application of R.C. 313.19 to appellant's complaint, because that statute provides no relief by way of a declaratory judgment action. Because no declaratory judgment action lies in regard to R.C. 313.19, appellee argues that the trial court's dismissal pursuant to R.C. 2969.24 was not error. This Court agrees.
 {¶ 7} Citing R.C. 2969.24(C), the trial court sua sponte dismissed appellant's complaint without a hearing after finding the complaint to be frivolous and malicious.
 {¶ 8} R.C. 2969.24(A) allows a trial court to dismiss a civil action filed by an inmate against a government employee at any stage in the proceedings upon the court's finding that (1) the inmate's allegation of indigency in a poverty affidavit is false; (2) the claim that forms the basis of the civil action is frivolous or malicious; or (3) the inmate filed another required affidavit that was materially false. The purpose behind this provision is to curb inmate litigation, where it serves to compromise the fair dispensing of justice when a court is compelled to devote its limited resources to the processing of frivolous requests. Hattie v. Andrews (May 14, 1998), 10th Dist. No. 97APE11-1446.
 {¶ 9} R.C. 2969.24(B) sets forth certain factors, which the trial court may consider in determining whether a claim that is the basis of the civil action is frivolous or malicious. Specifically, the trial court may consider whether any of the following are applicable: (1) the claim fails to state a claim; (2) the claim has no arguable basis in law or fact; (3) it is clear that the inmate cannot prove material facts in support of the claim; or (4) the instant claim is substantially similar to a claim in a previous civil action filed by the inmate.
 {¶ 10} Finally, R.C. 2969.24(C) provides that a court shall hold a hearing on any party's motion requesting dismissal pursuant to subsection (A). However, where the court itself raises the issue of dismissal pursuant to subsection (A), subsection (C) provides that the court retains discretion whether to hold a hearing or not.
 {¶ 11} The statute sets forth no standard of review for an appellate court's consideration of the lower court's dismissal of a civil action pursuant to R.C. 2969.24. In addition, this Court finds no case law establishing an appellate standard of review of a lower court's dismissal of an action pursuant to R.C. 2969.24
on the grounds that the basis for the civil action is frivolous or malicious. However, because dismissal of a civil action on the grounds set forth in subsection (A) is discretionary, rather than mandatory, this Court finds that the appropriate standard of review of a dismissal pursuant to R.C. 2969.24 is whether the trial court abused its discretion by dismissing appellant's civil action.[2]
 {¶ 12} An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 13} In this case, appellant filed a civil action under R.C. 313.19 seeking declaratory judgment against the Medina County coroner, a government employee as defined in R.C. 2969.21. R.C. 313.19 provides:
"The cause of death and the manner and mode in which the death occurred, as delivered by the coroner and incorporated in the coroner's verdict and in the death certificate filed with the division of vital statistics, shall be the legally accepted manner and mode in which such death occurred, and the legally accepted cause of death, unless the court of common pleas of the county in which the death occurred, after a hearing, directs the coroner to change his decision as to such cause and manner and mode of death."
 {¶ 14} The statute assigns a presumptive value to a coroner's verdict, while providing a special statutory procedure to allow judicial review of a coroner's verdict. Perez v. Cleveland, Cty.Coroner (1997), 78 Ohio St.3d 376, 377. The Ohio Supreme Court held, however, that "[b]ecause R.C. 313.19 delimits the procedure for challenging a coroner's verdict, use of declaratory judgment to resolve those same issues is inappropriate." Id., at paragraph one of the syllabus. Therefore, appellant's attempt to seek an order modifying the time of death on his deceased wife's death certificate through a declaratory judgment action does not lie. Because a declaratory judgment action does not lie under the law, appellant's claim fails to state a claim, and the claim has no arguable basis in law. In consideration of the factors in R.C.2969.24(B), this Court finds that the trial court did not abuse its discretion when it dismissed appellant's complaint upon a finding that the basis of appellant's civil action is frivolous and malicious. Further, even upon de novo review of the trial court's finding, this Court would reach the same result.
 {¶ 15} Consequently, because declaratory judgment is an improper mechanism to seek relief pursuant to R.C. 313.19, the trial court did not err, when it failed to hold a hearing pursuant to that statute. In addition, because R.C. 2969.24
requires a hearing prior to dismissal only where a motion for dismissal has been filed by a party, the trial court did not err, when it failed to hold a hearing prior to its sua sponte dismissal pursuant to R.C. 2969.24(C). Further, unlike a dismissal pursuant to Civ.R. 41(B)(1), which expressly requires prior notice to plaintiff, R.C. 2969.24 requires no such notice. In fact, R.C. 2969.24(A) permits dismissal at any stage in the proceedings, without provision that the court give notice of its intention to dismiss to any party. For these reasons, appellant's argument that he was prejudiced by the trial court's failure to hold a hearing in the underlying case must fail.
 {¶ 16} Finally, appellant argues that he was prejudiced by the trial court's failure to notify the parties of the court's dismissal, pursuant to Civ.R.58(B). This Court notes that there is no indication that the trial court endorsed upon its judgment a direction to the clerk to serve upon all parties notice of the judgment. However, Civ.R. 58(B) provides that failure of service of notice does not affect the validity of the judgment. Further, appellant concedes in his Statement of the Case that he received notification by the trial court; and his appeal was, in fact, timely filed. Under the circumstances, appellant's argument that he was prejudiced by the trial court's failure to comply with the letter of Civ.R. 58(B) is not well taken.
 {¶ 17} In light of the above facts and applicable law, this Court finds that the trial court did not abuse its discretion by dismissing appellant's declaratory judgment complaint against the Medina County coroner on the court's own motion without a hearing pursuant to R.C. 2969.24(C). Because no declaratory judgment action lies in regard to R.C. 313.19, this Court finds the trial court's dismissal proper upon de novo review, as well. Appellant's assignment of error is overruled
 III. {¶ 18} Appellant's sole assignment of error is overruled. Accordingly, the judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Whitmore, J., Boyle, J., concur.
[1] In his reply brief, appellant further moves to strike appellee's brief for noncompliance with Local Rules. This Court denies appellant's motion to strike.
[2] In reaching its determination of the appropriate standard of review, this Court has considered the Sixth Circuit Court of Appeals' analysis of a similar code provision. Prior to a 1996 amendment, 28 U.S.C. 1915, addressing proceedings in forma pauperis, provided that the court "may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." The United States Supreme Court held that "[b]ecause the frivolousness determination is a discretionary one, we further hold that a § 1915(d) dismissal is properly reviewed for an abuse of that discretion[.]" Denton v.Hernandez (1992), 504 U.S. 25, 33, 118 L.Ed.2d 340. After a 1996 amendment to the Prison Litigation Reform Act, § 1915 was amended to provide in subsection (e)(2) that "the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted * * *" (Emphasis added.) Because the 1996 amendment no longer contained discretionary language, reviewing courts began to question whether the standard of review was de novo, rather than abuse of discretion. See, e.g., Basham v.Uphoff (Dec. 8, 1998), 10th Cir. No. 98-8013; Lawrence v.Chabot (W.D.Mich. 2003), 2003 U.S. Dist. LEXIS 17895. In this case, because R.C. 2969.24 permits, rather than mandates, dismissal, the abuse of discretion standard of review is appropriate.