[Cite as *Ellis v. Buehrer*, 2017-Ohio-5516.]

## IN THE COURT OF APPEALS

## FIRST APPELLATE DISTRICT OF OHIO

## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| DAVID ELLIS, deceased, <br> DEBORAH ELLIS, widow-claimant, | : | APPEAL NO. C-160497 <br> TRIAL NO. A-1501135 |
| Plaintiff-Appellant, | : | |
| | : | *O P I N I O N.* |
| vs. | : | |
| STEPHEN BUEHRER, <br> ADMINISTRATOR, OHIO BUREAU <br> OF WORKERS' COMPENSATION, | : | |
| Defendant-Appellee, | : | |
| and | : | |
| EVANS TRANSPORT, INC., | : | |
| Defendant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: June 28, 2017

*Fox & Fox Co., L.P.A.*, *Bernard C. Fox* and *M. Christopher Kneflin*, for Plaintiff-Appellant,

*Jose A. Martinez*, Assistant Ohio Attorney General, for Defendant-Appellee Stephen Buehrer.

**ZAYAS, Presiding Judge.**

{¶1}    The unexpected death of one's spouse is an incredible loss.    In reviewing this appeal, we discharge our duty without passion or prejudice, recognizing that this case originates from the untimely death of David Ellis and his widow's workers' compensation claim for death benefits.

{¶2}    Plaintiff-appellant David Ellis, decedent, Deborah Ellis, widow-claimant, ("Ellis") appeals the common pleas court's grant of summary judgment to Stephen Buehrer, Administrator of the Ohio Bureau of Workers' Compensation, ("Administrator") and Evans Transport, Inc., ("Evans Transport") on appellant's claim for death benefits.  Appellant asserts that the trial court erred by granting the defendants' motions for summary judgment based upon collateral estoppel, by failing to weigh and construe the evidence in her favor, and by failing to treat the R.C. 313.19 proceeding as a special statutory proceeding.  Because we find no error in the trial court's determinations, we affirm its judgment.

## *Background*

{¶3}    David Ellis ("David") fell ten feet from his dump truck on July 3, 2011, and received emergency treatment.  The next day, he began vomiting.  On July 5, he went to his primary care physician, who prescribed pain and anti-nausea medication.  On the morning of July 8, David's condition rapidly deteriorated.  His wife Deborah Ellis ("Deborah") called 911, and by the time the emergency squad arrived, David was unresponsive.  The squad could not resuscitate him and they pronounced him dead at his home around 9:30 a.m.

{¶4}    Prior to his death, David had filed a worker's compensation claim numbered 11-335091.  Upon his death, Deborah applied for death benefits under the same claim number pursuant to R.C. 4123.59.  The district hearing officer and the

staff industrial officer of the Industrial Commission denied Deborah's claims in 2012. She appealed, and the Industrial Commission denied her appeal and affirmed the decision of the staff hearing officer. Deborah filed a notice of appeal with the Hamilton County Court of Common Pleas in November 2012, but dismissed the appeal in 2014 with a reservation to refile.

{¶5} Concurrent to filing her death-benefits claim, Deborah filed a challenge to the coroner's cause of death pursuant to R.C. 313.19. She requested that the Clermont County Court of Common Pleas direct Coroner Dr. Brian Treon to change his decision as to the cause of David's death and to order a new death certificate, supplemental medical certificate, and coroner's report. Deborah alleged that the facts and law did not support Treon's determination of David's cause of death. The court found, based upon the evidence presented, that Deborah had not rebutted the presumption that Treon's determinations were correct, and held that Treon's findings would "remain the legally accepted manner and mode in which such death occurred, and the legally accepted cause of death." Deborah appealed, but the Twelfth District Court of Appeals affirmed the trial court's judgment.

{¶6} Deborah then refiled her appeal of the denial of death benefits in the Hamilton County Court of Common Pleas, attempting to obtain a determination that David's workplace injury contributed to his cause of death. Evans Transport and the Administrator moved for summary judgment, arguing that they were entitled to judgment as a matter of law because collateral estoppel prevented Deborah from re-litigating the issue of the cause of David's death. The trial court granted the motions.

### Assignments of Error

{¶7} Appellant's first assignment of error alleges that the trial court erred in granting the defendants' motions for summary judgment based upon collateral

3

estoppel. Appellant's second assignment of error alleges that the trial court erred in failing to treat the R.C. 313.19 proceeding as a special statutory proceeding. Appellant's third assignment of error alleges that the trial court erred by failing to weigh and construe the evidence in her favor. Because appellant's first and third assignments of error are intertwined, we consider them together.

### Standard of Review

{¶8} We review grants of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is appropriate where (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence, when viewed in favor of the nonmoving party, permits only one reasonable conclusion and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *State ex rel. Howard v. Ferreri*, 70 Ohio St.3d 587, 589, 639 N.E.2d 1189 (1994).

### The Trial Court did not Err in Granting Summary Judgment

{¶9} In order for Ellis to prevail on the R.C. 4123.59 claim for death benefits, Ellis must demonstrate that David had a preexisting condition and that his workplace injury, as a direct and proximate result, accelerated his death by a substantial period of time. *See McKee v. Elec. Auto-Lite Co.,* 168 Ohio St. 77, 151 N.E.2d 540 (1958), syllabus. The Administrator claims that the issues in Ellis's R.C. 4123.59 action were addressed in Ellis's R.C. 313.19 proceeding against Dr. Treon, and therefore, collateral estoppel applies. Ellis argues that the R.C. 313.19 proceeding was only challenging David's physical cause of death, and that in this action, she is challenging whether David's death, caused by hypertensive cardiovascular disease, was a direct and proximate result of his injury.

{¶10} Collateral estoppel applies when

4

> (1) the party against whom estoppel is sought was a party * * * to the prior action; (2) there was a final judgment on the merits in the previous action after a full and fair opportunity to litigate the fact or issue; (3) the fact or issue was admitted or actually tried and decided and was necessary to the final judgment; and (4) the fact or issue was identical to the issue involved in the new action.

*Mitchell v. Internatl. Flavors & Fragrances, Inc.*, 179 Ohio App.3d 365, 2008-Ohio-3697, 902 N.E.2d 37, ¶ 14 (1st Dist.).

{¶11} R.C. 313.19 provides that the cause, manner, and mode of death incorporated in the coroner's verdict and in the death certificate "shall be the legally accepted manner and mode in which such death occurred, and the legally accepted cause of death[.]" The coroner's determination of the manner, mode, and cause of the decedent's death creates a nonbinding, rebuttable presumption concerning such facts in the absence of competent, credible evidence to the contrary. *Vargo v. Travelers Ins. Co.*, 34 Ohio St.3d 27, 516 N.E.2d 226 (1987).

{¶12} A challenge under R.C. 313.19 is not only to the cause of death, but also to the mode and manner of death. The Supreme Court of Ohio has held that such a challenge is not limited to the physical and physiological mechanisms, because to so hold would "imply that R.C. 313.12's requirement to relate facts 'concerning the time, place, manner, and circumstances of the death' is essentially meaningless, as is the coroner's inquiry pursuant to R.C. 313.17 as to who caused the death, together with all attendant circumstances." *See State ex rel. Blair v. Balraj,* 69 Ohio St.3d 310, 312, 631 N.E.2d 1044 (1994).

{¶13} Here, the Clermont County trial court considered 16 joint trial exhibits, including the depositions of Dr. Treon, Dr. Jennifer Schott, and Dr. Matthew Burton,

and heard oral argument on the matter. In Dr. Burton's January 7, 2014 deposition, he opined that David's fall from the dump truck on July 3, 2011, was the direct and proximate cause of his death on July 8, 2011: "[David] sustained injuries as a result of the fall. He required pain medication which led to adverse reaction of chronic vomiting and he sustained a cardiac [arrhythmia] and sudden death as a result." Dr. Burton also asserted that an electrolyte disturbance and low potassium levels could have resulted in David's cardiac arrhythmia, but recognized that the coroner had not conducted laboratory tests at the time of death.

{¶14} The Clermont County court stated that Dr. Burton's testimony was speculative, and determined that it "did not qualify as the type of 'competent, credible evidence' needed to direct the coroner to change the findings regarding David Ellis' death." *Ellis v. Treon*, Clermont C.P. No. 2013CVH00579 (Feb. 10, 2014). The Twelfth District Court of Appeals affirmed this judgment. *Ellis v. Treon*, 12th Dist. Clermont No. CA2014-03-021, 2014-Ohio-5010.

{¶15} Furthermore, in support of its motion for summary judgment, Evans Transport presented Ellis's admissions, which included "a true and accurate copy" of the supplementary medical certification to David's death certificate. This certification instructed Dr. Treon to "enter the disease, injuries, or complications that caused the death" and to list the immediate cause of death, conditions that led to the immediate cause of death, and underlying causes that initiated events resulting in death. Dr. Treon listed hypertensive cardiovascular disease as the immediate cause of death, did not list any contributing factors, and listed "natural" for the manner of death.

{¶16} After reviewing the evidence in a light most favorable to Ellis, we conclude that the trial court did not err in granting summary judgment to Evans

Transport and the Administrator. The evidence demonstrates that the elements of collateral estoppel were met: (1) Ellis was a party to the R.C. 313.19 action; (2) the Clermont County court issued a final judgment on the merits after Ellis was given a full and fair opportunity to litigate the cause, manner, and mode of David's death; (3) the cause, manner, and mode of David's death was actually tried and decided and was necessary to the final judgment; and (4) the facts and issues are identical to the issue of whether the work injury was the direct and proximate cause of David's death. Therefore, the trial court did not err in granting summary judgment in favor of Evans Transport and the Administrator on the basis of collateral estoppel. We overrule Ellis's first and third assignments of error.

### *Collateral Estoppel Applies*

{¶17} In her second assignment of error, Ellis argues that the trial court erred in failing to treat the R.C. 313.19 proceeding as a special statutory proceeding. An R.C. 313.19 challenge *is* a special statutory civil proceeding. *Perez v. Cleveland*, 78 Ohio St.3d 376, 378, 678 N.E.2d 537 (1997). However, the Rules of Civil Procedure, including Civ.R. 56, are not clearly inapplicable to R.C. 313.19. *See LeFever v. Licking Cty. Coroner's Office*, 5th Dist. Licking No. 06-CA-13, 2006-Ohio-6795, ¶ 32 (Edwards, J., concurring in part and dissenting in part).

{¶18} Ellis argues that, because the R.C. 313.19 proceeding is a special statutory proceeding, the only issue before the Clermont County court was "whether it will direct the coroner to change the cause, manner and mode of death," while the only issue before the Hamilton County trial court was "the proximate cause between [David's] death by hypertensive cardiac disease and [his] work injury." Ellis points to *LeFever* in support of this argument. In that case, a widow and her daughter sought to change her husband's death certificate. *LeFever* at ¶ 2. The trial court

granted the appellees' motion for summary judgment based on res judicata. *Id.* at ¶ 18. The Fifth District reversed because "the trial court was merely speculating as to appellants' intended use of a changed coroner's verdict," and such speculation "is not grounds for dismissal on the basis of res judicata." *Id.* at ¶ 19.

{¶19} It is unclear how Ellis's citation to *LeFever* relates to the argument about different claims/issues being before the two trial courts in this case. In citing to *LeFever*, Ellis appears to argue that the Hamilton County trial court's ruling was also based on improper speculation as to why Deborah was seeking the change in David's cause of death. But *LeFever* is distinguishable because there, the trial court had granted summary judgment based on res judicata (*claim* preclusion) and not collateral estoppel (*issue* preclusion). *LeFever* does not stand for the general proposition that speculating as to a party's motives is improper.

{¶20} Regardless, Deborah's purpose for seeking the change to the coroner's report is irrelevant. The inquiry is whether, in the course of the R.C. 313.19 proceeding, the issue and facts of the cause of death and the proximate cause of death were fully and fairly litigated. The trial court correctly determined that the issues as to cause, manner, and mode of death had already been litigated and that Ellis's cause of action was precluded by collateral estoppel. We therefore must overrule Ellis's second assignment of error.

## Conclusion

{¶21} Because we hold that collateral estoppel prohibited Ellis from re-litigating the cause of David's death, we find no error in the trial court's grant of summary judgment to the defendants. The trial court's judgment is affirmed.

Judgment affirmed.

DETERS, J., concurs in judgment only.
MILLER, J., concurs separately.

**MILLER, J.,** concurring separately.

{¶22}     I write separately to stress that the resolution of this appeal turns on the trial court's proper application of the doctrine of collateral estoppel.   In the Clermont County R.C. 313.19 action, Mrs. Ellis was given a full and fair opportunity to challenge the rebuttable presumption that the coroner had correctly determined the cause, manner and mode of her husband's death.   Mrs. Ellis argued that her husband's work injury had contributed to her husband's death, and asked the court to change Mr. Ellis's death certificate to this effect.   That court decided the issue, and Mrs. Ellis lost.   Mrs. Ellis challenged that judgment on appeal.   The Twelfth Appellate District affirmed.   Mrs. Ellis now argues that the R.C. 313.19 action did not decide whether the workplace injury contributed to Mr. Ellis's death.   The trial court in this case correctly determined that it did.   Notably, Mrs. Ellis makes no argument concerning how differing standards of proof may affect the application of collateral estoppel to this case.

{¶23}     Finally, I note the misleading caption of this case.   David Ellis died prior to this case being filed. He was never a party.   Mrs. Ellis was the lone plaintiff and appellant.   The case caption should reflect as much.

Please note:

    This court has recorded its own entry this date.

9